[L. A. No. 6037. Department Two.—May 18, 1920.]

FRANK NEWMAN et al., Respondents, v. E. E. OVER-HOLTZER SONS' COMPANY (a Corporation), Appellant.

**[1]** NEGLIGENCE—COLLISION BETWEEN AMBULANCE AND AUTOMOBILE—SUDDEN STOPPING OF AUTOMOBILE—PROXIMATE CAUSE OF INJURY—QUESTION FOR JURY.—In an action for damages resulting from a collision between an ambulance and an automobile at a street intersection, the question as to whether the plaintiff was negligent in stopping his automobile upon hearing the loud and insistent ringing of the ambulance gong, and, if so, whether such conduct was the proximate cause of the injury, were questions for the jury, and its determination cannot be disturbed on appeal.

**[2]** ID.—EVIDENCE—ORDINANCE—DUTY OF VEHICLE DRIVERS UPON APPROACH OF AMBULANCE.—In such action, it was proper to admit in evidence a city ordinance regulating the conduct of vehicles

upon a street upon the approach of an ambulance as an element to be considered in determining the question of negligence of the parties.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. P. Adams for Appellant.

Frank P. Doherty and Randall & Bartlett for Respondents.

WILBUR, J.—Plaintiffs recovered damages for personal injuries to Anna Newman and for injuries to a Ford automobile belonging to plaintiffs, resulting from a collision between the defendant's ambulance and plaintiffs' automobile at the intersection of 25th and Main Streets, Los Angeles. Main Street is sixty-nine feet between curbs at the intersection. The ambulance was empty until after the accident and was not answering a call. It was a long, heavy machine, having a 149-inch wheel base and weighing four thousand five hundred pounds. It was traveling in a northerly direction at a high rate of speed, estimated at thirty-five to forty miles per hour, straddling the east rail of the double-track street railway on Main Street. The machine driven by plaintiff Frank Newman was proceeding westerly on 25th Street and entered Main Street, in low gear, at six miles per hour, and was going across the intersection at that speed until near the east rail of the last track when, hearing the loud and insistent ringing of the ambulance gong, it was stopped when the ambulance was, as some witnesses testified, about one hundred feet away, and remained standing until the collision. The ambulance driver applied brakes, causing the hind wheels of the ambulance to skid to the point of collision. He swerved to the right in an endeavor to pass to the rear of plaintiff's machine, but was unable to make the turn, either because of too great speed or because another automobile on his right was also passing. The ambulance struck the respondents' car

at the rear wheel, swung it around, and stopped within a few feet.

Appellant claims that the decision of the lower court is erroneous for two reasons: First, that the accident occurred by reason of the sudden negligent stopping of respondents' car. Second, that the court erred in admitting in evidence an ordinance of the city of Los Angeles containing the following section regulating the conduct of vehicles upon the approach of an ambulance, to wit:

"Upon the approach of any apparatus of the fire department or any police patrol wagon or any ambulance, the driver of any vehicle in or upon any street shall immediately stop such vehicle as near as possible to the right-hand curb of such street, and it shall be unlawful for any such driver to cause or permit such vehicle to be moved until such apparatus, police patrol wagon or ambulance shall have passed such vehicle."

As to the first claim it is sufficient to say that the jury were justified under the evidence in concluding that the appellant was operating its ambulance at an excessive rate of speed in approaching the intersection in question, and that such negligence was the sole proximate cause of the collision. [1] As to whether or not respondents were negligent under the circumstances in stopping to avoid a collision, it is sufficient to say that the question as to whether such conduct was negligence, and, if so, was a proximate cause of the injury, was for the jury to determine, and we cannot interfere with its determination.

[2] Second, it was proper to admit in evidence the ordinance of the city regulating the conduct of vehicles upon a street upon the approach of an ambulance as an element to be considered in determining the question of negligence of both parties. Appellant's principal attack upon the admissibility of the ordinance is that it does not purport to regulate the conduct of drivers of automobiles crossing the street upon which an ambulance is being operated, and therefore should not be construed to justify the stopping of respondents' automobile. The court instructed the jury in effect that the driver of the ambulance had a right to assume that the respondents' machine would "continue in its journey at approximately the same rate of speed and to govern himself accordingly," thus apparently

adopting appellant's interpretation of the ordinance, and again with reference to the stopping of respondents' automobile, "If you find that such stopping constituted negligence and that it contributed proximately in the slightest degree to the injury, your verdict must be for the defendant." These instructions were quite as favorable to the appellant as it was entitled to, and under the circumstances left the issue of defendant's negligence and plaintiffs' contributory negligence to the jury as a question of fact. Their verdict is conclusive upon this court.

Judgment affirmed.

Lennon, J., and Sloane, J., concurred.