[Civ. No. 5322.  First Appellate District, Division Two.—January 15, 1927.]

# INGVALD OFFERDAHL, Appellant, v. MOTOR TRANSIT COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—APPARENT PERIL—LOSS OF SELF-POSSESSION.—Where one, through the negligence of another and without his own fault, is put in such apparent peril as to cause loss of self-possession, and as a natural result thereof, in attempting to escape he puts himself in a more dangerous position, he may not be guilty of negligence in so doing.

[2] ID.—CAUSE OF INJURY—QUESTION FOR JURY.—Where two vehicles collide on the public highway and damage results therefrom, the question of whose negligence caused the injury is generally one for the jury.

[3] ID.—AUTOMOBILE COLLISION—INSTRUCTIONS.—In this action for damages for personal injuries suffered by plaintiff as the result of a collision between an auto-stage in which he was riding and another automobile, the court having fully and fairly instructed the jury as to the law applicable to the facts, and such instructions having been amply sufficient to properly advise the jury upon all the issues presented, plaintiff was not prejudiced by the action of the trial court in giving an instruction, requested by defendant, relating to the duty of the driver of a vehicle when suddenly confronted with a dangerous situation, which did not include within its terms the element that the danger must have been caused through the negligence of another, and in refusing an instruction, presented by plaintiff, which included that element.

---

(1) 29 **Cyc.**, p. 521, n. 44.   (2) 29 **C. J.**, p. 668, n. 13.   (3) 10 **C. J.**, p. 1094, n. 22; 38 **Cyc.**, p. 1598, n. 22, p. 1636, n. 16, p. 1717, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. Emergency rule as applied to automobile drivers, notes, 6 A. L. R. 680; 27 A. L. R. 1197. See, also, 3 Cal. Jur. 841; 2 R. C. L. 1196.

2. See 3 Cal. Jur. 843.

E. B. Drake for Appellant.

W. I. Gilbert and B. P. Gibbs for Respondent.

TYLER, P. J.—Action to recover damages for personal injuries alleged to have been suffered by plaintiff while riding as a passenger for hire in one of the auto-stages of respondent Motor Transit Company.

The complaint alleged the company and defendant Otto Pauls to be joint tort-feasors and it charged that they negligently operated their respective machines as to collide one with the other, causing the plaintiff the injuries complained of. Defendant Otto Pauls defaulted and a judgment in the sum of two thousand dollars was rendered against him. Defendant Motor Company denied specifically the allegations of the complaint and further answering alleged that the accident was caused solely through the negligence of its co-defendant Pauls. Trial was had by jury as to defendant Motor Company, which resulted in a verdict in its favor, and upon judgment being rendered thereon, this appeal was taken.

The sole question here presented relates to the giving and refusal to give certain instructions as to the duty of the driver of an automobile when suddenly confronted with a dangerous situation. So much of the evidence as is necessary for an understanding and discussion of the case shows that on June 18, 1922, plaintiff was being carried as a passenger for hire by defendant Motor Transit Company in one of its auto-busses, and while en route therein at a point on the public highway about halfway between the town of Montebello and the city of Los Angeles, the bus collided with a car owned by defendant Pauls, resulting in the alleged injuries. At the time of the accident the auto-bus of defendant was traveling westerly upon the highway toward Los Angeles, and the automobile of the defendant Pauls was being operated and driven thereon by one Cooper, as the agent of Pauls, in an easterly direction toward Montebello. The accident occurred in the night-time and each of the defendants claimed that the machine of the other was on the wrong side of the road. Upon this subject there was a sharp conflict in the evidence. Each set of witnesses agreed that both vehicles were operated upon their right

side of the highway until within a point variously estimated at from ten to a hundred feet of each other. One set of witnesses testified that the Chevrolet car belonging to defendant Pauls then left its right side and confronted the driver of the auto-stage in which plaintiff was riding, the other set testifying that the stage left its proper position and crossed the road directly in front of the Chevrolet car. When confronted with the situation, the driver of defendant company testified that he had turned to the left to escape the impending danger.

[1] The rule is well established that where one without his own fault is through the negligence of another put in such apparent peril as to cause loss of self-possession, and as a natural result thereof, in attempting to escape he puts himself in a more dangerous position, he may not be guilty of negligence in so doing. This rule is held to apply only where such person is placed in danger through the negligence of another and without fault on his part. [2] When two vehicles collide on the public highway and damage results therefrom, the question of whose negligence cause the injury is generally one for the jury. (*Newman* v. *Overholzer,* 182 Cal. 778 [190 Pac. 175]; *Simonsen* v. *Christopher,* 186 Cal. 786 [200 Pac. 615].) It may be conceded that the evidence to the effect that the driver of the Chevrolet car in turning to the left, if believed by the jury, was an act reasonably calculated to cause the driver of defendant's machine to apprehend danger and justified him in altering his course, even though it resulted in the collision which caused the injury. The questions presented under the evidence were, as claimed by appellant: (1) Whether the driver of the auto-stage was suddenly confronted with danger; (2) whether or not his own driving produced such danger; (3) what he did thereafter, and (4) what he had a right in law to do. No question is here raised concerning the conflict in the evidence, the sole claim being that the verdict reached was undoubtedly the result of erroneous instructions upon the subject indicated. [3] At the request of defendant the trial court gave an instruction relating to the duty of the driver of a vehicle when suddenly confronted with a dangerous situation which did not include within its terms the element that the danger must have been caused through the negligence of another. Because of the omission of this element it is

claimed it had a tendency of misleading the jury as to the measure of duty required of defendant. The court also refused an instruction presented by plaintiff which included the element, 'giving as a reason for such refusal that the point was fully covered by other instructions. We see no merit in appellant's contention. The court fully and fairly instructed the jury as to the law applicable to the facts and the instructions were amply sufficient to properly advise the jury upon all the issues presented. No single instruction can contain all the law upon a subject. The jury was instructed in substance that in determining whether it should find a verdict against defendant Motor Company it should consider the time and place of the accident; that defendant owed to plaintiff the duty of exercising the highest degree of care; the speed of the motor-bus; the side of the highway upon which the accident happened and all other facts and circumstances proven, and if, after considering the same, it was of the opinion that the company was guilty of any negligence that contributed in any degree or in any manner to the happening of the accident, it should find in favor of plaintiff and against defendant. The court also correctly instructed the jury as to the presumption of negligence by reason of the mere happening of the accident. As to the degree of care that defendant was bound to exercise when confronted with danger, the court charged the jury that men when suddenly confronted with danger are not to be held to the strict degree of accountability for their acts that they would be under ordinary circumstances, and in judging whether or not the driver of the motor-bus exercised the high degree of care required of him, his actions were to be measured by the facts and circumstances as they would have appeared to a reasonably prudent man in the exercise of the highest degree of care; and the fact that he might have taken some other course and thus avoided the accident, when viewed from circumstances discovered later, would not be negligence on his part, simply because he chose the wrong course to avoid a danger then open and apparent to him. Immediately following the court further instructed the jury that if it found that the bus in which plaintiff was riding as a passenger at any time during the accident was operated or driven to the left of the center of the highway, in the direction in which it was being driven, this fact alone con-

stituted negligence as a matter of law, and the burden was then upon defendant to show that it became necessary *without fault on its driver's part,* to so operate the bus, and unless it was so shown, defendant was guilty of negligence as a matter of law. Upon the same subject the jury was further instructed, in substance, that the driver of the bus had the right to operate his vehicle along the right-hand side of the boulevard and had the right to assume at all times that other persons operating their automobiles along the same boulevard would do so in accordance with the law and that the drivers thereof would use the right-hand side of the road at the time they attempted to drive past a point at which they would meet, if it found that the owner of the Chevrolet automobile suddenly and without warning swerved to the left and in front of the motor-bus, and thereafter the driver of the bus did all in his power to avoid the accident he was not guilty of negligence. It seems manifest to us that these instructions in an orderly manner fully and fairly stated the law upon the subject with relation to the facts, and that they are not inconsistent or prejudicial to appellant. They fully advised the jury that the driver of the bus was guilty of negligence as a matter of law from the mere fact that he drove upon the left-hand side of the road and that upon proof of this fact it became necessary for defendant, in order to avoid a charge of negligence, to show that the driver's act was without any fault of his and that in the absence of such proof plaintiff was entitled to recover. We do not consider that there is any merit in the appeal.

The judgment is affirmed.

Knight, J., and Campbell, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 14, 1927.