[Civ. No. 4342.   Second Appellate District, Division Two.—May 23, 1927.]

# W. H. A. SHERMAN, Appellant, *v*. C. A. KIRKPATRICK, Respondent.

[1] SALES—SALE OF OIL ENGINE—INSTALLATION BY SELLER—BREACH OF CONTRACT TO INSTALL.—In this action to recover the purchase price of an oil engine, if the engine which the buyer ordered was not installed as agreed, the buyer, on receiving a letter from the seller, written after inspection, stating that the engine had been installed in a workmanlike manner and requesting payment, was justified in considering the contract breached.

[2] ID.—ISSUE AS TO BREACH OF CONTRACT—EVIDENCE—INSTRUCTIONS. In such action, where the buyer promptly elected to declare the contract breached, it was the duty of the trial court to submit to the jury, under proper instructions, the issue as to whether the seller had breached the contract by failing to install the engine in a workmanlike manner, and it was the duty of the jury to determine the issue in accordance with the evidence submitted for their consideration.

[3] ID.—INDEPENDENT COVENANT TO PAY FOR INSTALLATION—BREACH OF CONTRACT OF PURCHASE—PAYMENT.—In such action, where the verdict of the jury in effect determined that the contract had been breached by the seller prior to the date the purchase price was due, the buyer was under no obligation to make payment, even though the payment required to be made for the installation of the engine may have constituted an independent covenant.

[4] APPEAL—INVESTIGATION OF FACTS—VERDICT.—It is not incumbent upon the appellate court to make any investigation of the facts in the case to determine the correctness of the jury's verdict.

[5] SALES — PRICE FIGURED ON BASIS OF INSTALLATION — DUTY OF SELLER TO INSTALL—RECOVERY OF PURCHASE PRICE.—In such action, where the seller's agent in making the sale of the oil engine figured the price on the basis of its installation, the seller was bound to install the engine before he could recover the purchase price.

[6] INSTRUCTIONS—FAILURE TO REQUEST—DUTY OF COURT.—The trial court need not of its own motion give special instructions in the absence of a request therefor by counsel.

---

(1) 35 Cyc., p. 273, n. 76.   (2) 35 Cyc., p. 574, n. 84.   (4) 4 C. J., p. 843, n. 65.   (5) 35 Cyc., p. 263, n. 4.   (6) 38 Cyc., p. 1693, n. 55.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Stutsman & Stutsman for Appellant.

S. N. Bachtell, Paul B. Bachtell and N. B. Bachtell for Respondent.

MURPHEY, J., *pro tem.*—This is an action brought by the plaintiff as assignee of Fairbanks, Morse & Company to recover the purchase price of an oil engine with standard appliances and equipment sold to the defendant.  The company will be hereafter designated as plaintiff in this opinion.  Under the terms of the written contract between the parties the seller was to install the engine in a workmanlike manner on the defendant's ranch to be there used for the purpose of pumping water for irrigation purposes.  The purchaser was to pay therefor, thirty days after the date of the contract, the sum of $1,611.  The engine was to be set up by an engineer-erector to be supplied by the plaintiff. The adequacy of the installation was questioned by the defendant and this controversy resulted.  There is no dispute as between the parties but that the plaintiff did furnish and deliver on the premises of the defendant the exact equipment called for by the written contract, but it is the contention of the defendant and respondent that the engine was not installed in an efficient and workmanlike manner and he refused to pay the purchase price therefor, basing his refusal on that ground.  Judgment went for defendant and plaintiff appeals.

The plaintiff relies upon (1) errors of law committed as he alleges by the trial court in refusing to give certain instructions to the jury and in giving others; (2) insufficiency of the evidence to justify the verdict.  His contention is that the contract entered into between the parties was unequivocal and free from ambiguity; that there is a covenant of defendant as buyer to pay the purchase price, which covenant is direct, positive, and unequivocal, and which required the buyer to pay at a fixed and definite time; there is also a covenant of plaintiff as seller to install

the machinery in question; the contract is silent as to the time within which such installation was to be made or completed. The plaintiff's contention is that the covenant to pay is and was an independent promise of the buyer, performance of which could be enforced at all events if the purchase price was not paid when due.

Many cases are cited to sustain this position relative to dependent and independent covenants, which, conceding their correctness as abstract principles of law, have in our opinion no application to the facts of this case as made out by the plaintiff himself.

After the engine had been installed by the plaintiff's erector a discussion arose concerning a missing pump coupling and installation work ceased. It may be fairly deduced from the record that it was the understanding at this time between all of the parties connected with the job that further work was necessary to complete the installation. However that may be, nothing further was done and defendant testified that he called up Forbes, the general manager of plaintiff, and told him that he absolutely would not accept the plant in the condition in which it then was in and asked Forbes to come to Lancaster, where the equipment was to have been installed, and stated to him that if he did not agree with him he would pay the expenses up there and back. Further negotiations and discussion was had in which the defendant, the corporation engineer-erector and credit manager participated, with the result that on the twenty-sixth day of April, 1922, the due date of the payment of the purchase price, the corporation addressed a letter to the defendant, the substantial and material part of which is as follows: "Referring to the contract between us dated March 25, 1922, also to the conversation had yesterday between yourself, our shop foreman, Mr. Reuland, our engine erector, Mr. Case, and the writer. We have reported the result of our interview with you to Mr. F. F. Forbes, our Pacific Coast manager, and after a very careful review of the situation and the circumstances surrounding the same, we cannot but feel that we have thoroughly complied with our obligations; that the engine is properly installed and in a workmanlike manner, and that your fears concerning damage to the engine are not well founded. . . . Our Mr. Forbes has read this letter and it has his approval. We

respectfully ask that check for $1611.00, which was due yesterday, according to the terms of sale, be mailed to us." To which letter the defendant immediately and on the same date addressed a letter to the plaintiff as follows: "In accord with our phone conversation of the 25th inst., you sent your representatives to inspect the installation of the engine you installed under the contract between us. Your workman who installed the engine was also present at the time of the inspection; while they made a thorough inspection, nevertheless it was very evident that the inspection was for the purpose of justifying and approving the installation as it had been made. It is so evident that the installation of the engine was unworkmanlike, inefficient and would result in the destruction of the engine or at least great damage to it, under operation, and that it has already been damaged to a greater or less extent in the short time it has been operated, that it is unnecessary for an expert to discover that fact. I told your representative that I would not accept your engine in its present condition, under its present installation; and I now give you formal notice that the installation is not according to the contract and that I shall not accept the engine, and it is at your disposal, and I ask you to remove the same from my premises at your own cost and expense. . . . I will ask you to make no delay in removing the engine from the premises, as I must install another engine in order to take care of my crops." [1] The plaintiff's letter discloses the fact that so far as it was concerned negotiations were at an end and the installation complete. There are no reservations and there is no suggestion of further performance of any character. The terms of the contract so far as it was concerned had been fully complied with. It is apparent from the context of this letter that this conclusion was reached after an inspection and report made by the experts of the plaintiff. If any further service was contemplated or the corporation harbored any thought that further performance was contingent upon any act to be performed by the defendant, such facts and mental reservations should have been clearly disclosed in this ultimatum. If the installation had not in fact been completed in a workmanlike manner when the communication was dispatched by the plaintiff, upon its receipt the defendant was justified in declaring that the contract had

been breached by the corporation and he was fully warranted in abiding the status of the situation as it then existed and as made by the corporation's declaration. [2] The defendant having promptly elected to declare the contract breached, it was the duty of the trial court to submit this crucial issue to the jury under proper instructions and it was the duty of the jury to determine the issue in accordance with the evidence submitted for their consideration. [3] The verdict of the jury was adverse to the plaintiff and in effect determined that the contract had been breached by the corporation prior to the due date of the payment of the purchase price, as provided in the contract. This necessarily eliminates from the discussion the question of dependent and independent covenants. No one, we assume, would question the proposition of law that if the plaintiff had actually breached the contract prior to the due date of the purchase price, even though that may have been an independent covenant, defendant would be under no obligation to make that payment. [4] It is not incumbent upon this court to make any investigation of the facts in the case to determine the correctness of the judgment of the jury. Expert evidence was submitted by both sides to the controversy. On conflicting testimony and evidence the jury resolved the facts in favor of the defendant and determined that the installation had not been made in a workmanlike manner, which finding on the entire record we have no disposition to question. [5] There is some contention on the part of the plaintiff that under the terms of the contract it was not incumbent on plaintiff to install the plant. The language of the contract itself on this aspect of the case we deem sufficient to require this. Nevertheless if there be any doubt about it the following citation from the record will make the matter entirely clear. Mr. McLaren, the man who sold the engine to the defendant, testified in substance: "Mr. Kirkpatrick told me he wanted a price on the engine installed. That was absolutely the basis upon which I figured him the price. Q. He told you at the time, didn't he, Mr. McLaren, that he did not know anything about erecting engines himself, and he thought you people did, and he wanted you to do it. A. Absolutely."

[6] In our judgment the issues were squarely and correctly submitted to the jury by the trial court. Indeed, the

court at the suggestion of the plaintiff submitted this instruction to the jury: ''The contract entered into between defendant and plaintiff's assignor only required Fairbanks, Morse & Company to furnish, deliver and install the engine and equipment in question in a good and workmanlike manner. . . . If you find, however, that the installation of the engine could not have been completed until the pump was permanently placed and that the pump had not been permanently placed up to the time this action was commenced, because of acts or conduct of defendant, not attributable to plaintiff's fault, then your verdict must be for plaintiff if you find from a preponderance of the evidence that the engine and equipment were installed in a good and workmanlike manner.'' This instruction was given in response to certain evidence adduced at the trial which in our opinion, under timely objection, should have and probably would have been excluded by the court as not being within the issues. No other special instructions were asked by the plaintiff and the law does not require the court of its own motion to perform this duty for counsel. There are suggestions that certain instructions given by the court should have been amended by inserting. ''Unless you find from the evidence that the defendant by his conduct prevented plaintiff from changing the foundation so that the engine could be made to line up with the pump.'' No instruction was submitted to or offered by the plaintiff containing this or similar language, and even had such a request been made it no doubt would have been refused by the court, and properly so.

We find no error in the record and accordingly the judgment is affirmed.

Works, P. J., and Thompson, J., concurred.