[S. F. No. 12348. Department Two.—April 10, 1928.]

A. P. WILSON, Respondent, v. JENS J. PEDERSEN, Appellant.

G. E. Sandford, J. C. Hammel, F. W. Docker and R. E. Norton for Appellant.

Herbert F. Briggs for Respondent.

RICHARDS, J.—The plaintiff commenced this action to recover a judgment for damages for personal injuries and

for damages to his automobile and for the loss sustained by reason of his deprivation of it in his business, occurring as a result of a collision between the defendant's and plaintiff's automobiles at a street intersection in the city of Fresno, alleged to have occurred through the defendant's negligence. The defendant answered, denying negligence on his part, and also disputing the item of damages alleged by the plaintiff to have been sustained. The defendant did not affirmatively plead contributory negligence on the part of the plaintiff, but upon the trial of the cause this issue appears to have been litigated. The trial court found thereon that the plaintiff was not guilty of contributory negligence; that the injuries to plaintiff personally entitled him to an award of $50 damages, and that he was entitled to $350 damages to his automobile and $100 damages for deprivation of its use in his business for a period of twenty days. Judgment was entered accordingly. Defendant moved for a new trial, which was denied, and he thereupon appealed from the judgment.

The appellant makes three contentions upon this appeal, none of which has any substantial merit. As to his first contention, that the evidence showed plaintiff to have been guilty of contributory negligence, the question of the plaintiff's guilt in that regard was a question of fact upon which the evidence was clearly conflicting. The findings and conclusions of the trial court thereon will not therefore be disturbed. As to the appellant's second contention, that the evidence was not sufficient to sustain the finding of the court that plaintiff's car was damaged to the extent of $350, the evidence is also in substantial conflict, and such finding will not, for the same reason, be disturbed. As to the appellant's third contention, that there was no evidence as to the reasonable or any other value of the loss suffered by plaintiff by the deprivation of the use of his automobile during the period it was undergoing repairs, the evidence, it is true, is slight, but we think it is sufficient to sustain the finding of the court in that regard. The plaintiff testified that he was a real estate agent and was obliged to have the use of a car in his business, and that he had used his said car daily therein and had been deprived of its use for a period of approximately 30 days, for which he

claimed damages at the rate of $10 a day. Another witness for plaintiff testified that automobiles were rented for such use at so much a mile or so much a day. The trial court cut down plaintiff's claim from 30 to 20 days and allowed him $5 a day. We think the allowance in that respect was reasonable and was supported by the evidence in the case.

Finding no merit in this appeal the judgment is affirmed.

Shenk, J., and Langdon, J., concurred.