[Civ. No. 6657. First Appellate District, Division Two.—May 15, 1929.]

MRS. MAE GLASS MARSHALL, Respondent, v. AMERICAN METER COMPANY (a Corporation) et al., Appellants.

760

Ford, Johnson & Bourquin for Appellants.

Derby, Sharp, Quinby & Tweedt, Joseph C. Sharp and Lloyd M. Tweedt for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for injuries sustained in an automobile collision. The defendants answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff, and from a judgment entered thereon the defendants have appealed.

The accident happened at about 10 o'clock at night on the 21st of June, 1926, in the intersection of Van Ness Avenue and Eddy Street, in the city of San Francisco. Neither machine saw the other machine until both were inside the intersection. The plaintiff introduced evidence to the effect that her car was traveling on its side of the street at a speed of seven or eight miles an hour and in all respects was exercising due care. She also introduced evidence to the effect that the defendants' car was traveling in excess of fifteen miles per hour, to wit, twenty-five miles or more. The defendants introduced evidence that their car entered the intersection at not more than fifteen miles per hour and then slowed down to a lower speed; that they were traveling on their side of the street and in all respects exercising due care. They also introduced evidence that the plaintiff's automobile came down Eddy Street at a speed of twenty-five or thirty miles an hour and having entered Van Ness Avenue attempted to swing in front of the defendants' car and proceed north on Van Ness Avenue. On all of these matters the evidence was directly conflicting.

■ The defendants quote some of the testimony and then assert that the plaintiff's driver was guilty of contributory negligence and that such contributory negligence is imputable to the plaintiff. That contention assumes that her driver was guilty of contributory negligence. The briefs do not proceed to show what act or acts constituted contributory negligence. As we have shown above, there was evidence of contributory negligence and there was evidence contradicting it. Under fundamental rules this court may not interfere under such circumstances. However, in support of the judgment, we must assume that the jury found that the plaintiff was not guilty of contributory negligence.

■ Acting on the request of the plaintiff the court instructed the jury as follows: "In case you find that only certain of the defendants are guilty of negligence which proximately caused any injuries to plaintiff, you are to find against such negligent defendant only." The defendants assert that the instruction assumed that at least one of the defendants was negligent and that the instruction omitted any mention of contributory negligence. It was not addressed to the subject of contributory negligence. It did not assume anything whatever. The defendants cite and

rely on *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066]. In that case the instruction under consideration was one of those instructions which on its face purports to be inclusive and exclusive and to direct the verdict. The case is not applicable to the facts before us.

■ Acting upon the request of the plaintiff the court instructed the jury as follows: "In time of imminent danger a person is not necessarily negligent because he fails to take every precaution or adopt every means of safety that a careful calculation subsequently shows he might have taken or adopted." The defendants assert that the instruction fails to consider the conduct of the plaintiff before the imminent danger arose. That is true; but it neither includes such conduct nor excludes such conduct. That was considered in other instructions specially addressed thereto. The instructions under consideration in *Vedder* v. *Bireley*, 92 Cal. App. 52 [267 Pac. 724], were not so drawn. They expressly excluded and ignored plaintiff's prior conduct.

■ Defendants requested and the trial court refused to give seventeen instructions. The defendants have printed them *en bloc*. Thereupon they assert that they were entitled to have the jury instructed upon their theory of the case. That is quite true, and in fairness the defendants might have continued and might have said that the trial court gave to the jury forty-nine instructions in which it instructed the meticulous care on every element of the theory of each party to the litigation. They might have added that every instruction which was refused was fully covered by an instruction which was given and which was clear, sound and complete in every respect.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 14, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1929.

All the Justices concurred.