[Civ. No. 7013. First Appellate District, Division Two.—July 2, 1930.]

RAE COMSTOCK, Appellant, v. CHARLES MORSE, Respondent.

Hugh L. Smith and Charles J. Wiseman for Appellant.

J. Hampton Hoge and A. Dal Thompson for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the plaintiff Rae Comstock from a judgment entered, upon the verdict of a jury, in favor of the defendant, in an action for damages for personal injuries.

Plaintiff brought this action to recover damages from defendant for an injury to her left hand which she sustained while riding from Modesto to Oakland, California, with defendant in his automobile as his guest.

On the morning of February 1, 1928, appellant and respondent, together with a Mrs. Callender and a Mr. White, left Modesto for Oakland in a 1923 Dodge sedan, owned and operated by respondent Morse. Mrs. Callender was seated next to the driver and White and appellant were seated in the rear seat. After they passed the town of Tracy it began to rain and the highway became wet and slippery, and the automobile overturned, inflicting the injury complained of.

The occupants of the car were the only witnesses who testified at the trial. The testimony given by appellant and Mrs. Callender and Mr. White was all to the effect that the accident was caused by the high rate of speed at which respondent was driving, coupled with the careless manner in which he steered the car. On the contrary, respondent testified that he was going between twenty and twenty-five miles per hour, that a heavy wind was blowing and the road was wet and slippery, and the automobile became unmanageable and overturned without any fault or neglect on his part. The jury, undoubtedly, accepted respondent's version of the accident and found that he was not negligent.

Appellant contends that there is no conflict in the evidence and no evidence to support the verdict of the jury. We are unable to agree with either of these contentions, but, on the contrary, find, from a careful examination of the entire record, that the evidence is sharply conflicting, and the verdict is amply supported by the evidence.

The rule is well settled that, when a verdict is attacked for insufficiency of the evidence, our power begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the jury. If, on any material point, the testimony is in conflict, it must be assumed that the jury resolved the conflict in favor of the prevailing party. The authorities supporting this well-established rule are legion and we need only cite the following: *Gjurich* v. *Fieg,* 164 Cal. 429 [Ann. Cas. 1916B, 111,

129 Pac. 464]; *Wilbur* v. *Wilbur,* 197 Cal. 7 [239 Pac. 332]; *Treadwell* v. *Nickel,* 194 Cal. 260 [228 Pac. 25]; *Rock* v. *Orlando et al.,* 100 Cal. App. 498 [280 Pac. 377]. Therefore, we deem it entirely unnecessary to state the evidence in further detail. ■ If it be conceded, for the sake of argument, that there is no conflict in the evidence, still the facts and circumstances surrounding the accident are such that reasonable minds might differ as to whether or not respondent was guilty of negligence, and in such a case a reviewing court is not permitted to substitute its deductions for those of the jury and the trial court. (*Wilbur* v. *Wilbur, supra.*)

■ Appellant next contends that the trial court erred in instructing the jury upon the doctrine of imminent peril and unavoidable accident. Appellant's precise criticisms of this instruction may be stated thus: (1) That the doctrine was not applicable, and, (2) That it did not contain the qualification that the defendant's negligence must not have led to his perilous position. No argument is presented in support of the contention that the sudden peril doctrine was not applicable. The sudden skidding of an automobile undoubtedly creates a situation of emergency and peril which the rule stated in the court's instruction covers.
■ The second objection is equally untenable. The rule is elementary that ■ "A court, in charging a jury, is not required to state the case hypothetically in any one instruction or embrace therein all the conditions or qualifications necessary to a correct statement of the law covering all the evidential features of the case. The instructions must be considered in their entirety, and if, as so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though, by selecting isolated passages from single instructions, they may in some respects be amenable to just criticism." (*Lawrence* v. *Goodwill,* 44 Cal. App. 455 [186 Pac. 781, 787]; *Offerdahl* v. *Motor Transit Co.,* 80 Cal. App. 667 [252 Pac. 773].)

The jury was fully and fairly instructed that the defendant would be liable if he drove his machine at the time of the accident in a careless and negligent manner. Certainly the instruction on the doctrine of sudden peril would in nowise lead the jury to believe that the defendant would be absolved from liability for his own negligence.

Furthermore, the precise instruction, which appellant assails in the case at bar, was given in the following cases, without the qualification insisted upon by appellant, and there held not to be reversible error: *Hammond* v. *Pacific Elec. Co.*, 32 Cal. App. 756 [164 Pac. 50]; *Marshall* v. *American Meter Co.*, 98 Cal. App. 759 [277 Pac. 894]; *Galwey* v. *Pacific Auto Stages*, 96 Cal. App. 169 [273 Pac. 866].

■ Appellant next contends that the court erred in giving, of its own motion, the following instruction: ''The affirmative here is upon the plaintiff as to all the affirmative allegations of the complaint; upon the defendant as to all affirmative allegations of the answer to the complaint. The burden of proof, therefore, rests on the party making such affirmative allegations. Under the law of this state, the fact that an accident happened does not in itself raise any presumption of negligence upon the part of the defendant nor of contributory negligence on the part of the plaintiff. On the contrary, the law presumes that all persons obey the law and exercise ordinary care. This is what is known as a disputable presumption and may be controverted, but such presumption prevails unless and until overcome by contrary evidence.''

This instruction, among other things, informed the jury that the burden of proving negligence was upon the plaintiff. This was a correct statement of the law, and a similar instruction is universally given in cases of this character. If the plaintiff desired that the jury be specially instructed as to what inference could be drawn from certain proved or admitted facts, it was her duty to have requested the court to give such an instruction. This she failed to do and it is now too late to complain of the general instruction given, or to predicate error upon the fact that no special instructions upon the doctrine of *res ipsa loquitur* were given. (*Townsend* v. *Butterfield*, 168 Cal. 564 [143 Pac. 760]; *Wirthman* v. *Isenstein*, 182 Cal. 108–111 [187 Pac. 12]; *Weaver* v. *Carter*, 28 Cal. App. 241–248 [152 Pac. 323]; *O'Connor* v. *United Railroads of S. F.*, 168 Cal. 43–48 [141 Pac. 809]; *Johnson* v. *Pearson*, 100 Cal. App. 503 [280 Pac. 394]; *Sherman* v. *Kirkpatrick*, 83 Cal. App. 307 [256 Pac. 570]; *Johnson* v. *Southern Pac. Co. et al.*, 105 Cal. App. 340 [288 Pac. 81, 88]; *Putnam* v. *Pickwick*

*Stages,* 98 Cal. App. 268 [276 Pac. 1055]; *Hardy* v. *Schirmer,* 163 Cal. 272 [124 Pac. 993].)

We have examined all the instructions given carefully, and we find no prejudicial error in any of them. We find no reason to disturb the conclusion reached by the jury.

The judgment should, therefore, be affirmed, and it is so ordered.

Sturtevant, J., and Nourse, P. J., concurred.