[Civ. No. 8224. First Appellate District, Division Two.—April 13, 1932.]

MRS. B. G. SHELTON, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

534

Chandler, Wright & Ward for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry and Malcolm Davis for Respondent.

BURROUGHS, J., *pro tem.*—This is an action for personal injuries alleged to have been sustained by the plaintiff through the negligent operation of a street-car belonging to the defendant corporation. The cause was tried by the court sitting without a jury. Findings and judgment were entered in favor of the said defendant and the plaintiff has appealed.

The appellant has argued three points, either one of which it is claimed constitutes reversible error. The first two attack the sufficiency of the evidence to sustain the findings of the court and will be considered together. It is alleged in the complaint that on or about the twelfth day of March, 1926, the plaintiff was a passenger for hire on a street-car owned and operated by the defendant corporation; that while she was in the act of getting off of said car, but still on the platform and steps thereof, and at the place where said car usually stopped to allow passengers to alight, and while

said car had stopped, the defendant and its employees negligently and carelessly caused it to be suddenly and violently jerked and started in motion without allowing plaintiff sufficient time to alight therefrom; that in consequence of such negligence plaintiff was seriously injured by being thrown with great force from the car to the street, thereby causing certain specified injuries.

The answer of the defendant denied the allegations of negligence and as affirmative matter alleged that whatever damages plaintiff may have suffered were due to the sole negligence of the plaintiff and also sets up the plea of contributory negligence.

The court found that after the car had been started and while it was in motion the plaintiff went to the door of the car and negligently and voluntarily alighted from the car while it was in motion, thereby proximately causing the injuries complained of.

If this finding is sustained by the evidence then there can be no question as to the correctness of the judgment. Mrs. J. E. Richardson testified that she was seated in an automobile with her mother and brother waiting for her husband to come and she was watching the cars very closely. She testified: "When I first saw it, it was at the stop at Queen Anne place, which is a block east of Muirfield road, a rather short block. The car stopped at Queen Anne place and there were passengers discharged at that point, and then it moved on, and the conductor got off to pull the switch, and then it started moving again; and as it started moving, a young woman appeared at the door and jumped off; and an instant later I saw an elderly woman in the door. She hesitated and then jumped off. The car was moving very slowly at the time that the young lady jumped off. The car was moving at the time that the elderly lady stepped off. It was moving very slowly, between three and five miles an hour. At the time the elderly lady stepped off I think the conductor was up at the switch. I didn't pay any attention to him because I was watching these two ladies; so I didn't see the conductor. I do not think that the car had entered the switch at the time the elderly lady stepped off. I could not see any jerk of the car after the conductor got off."

"At the time that the conductor pulled the switch he was looking towards the motorman. He waved his hand for

the motorman to come forward. There was no one on the step of the car when he did that. As I recall it the door was open and the steps are right there. There is one step below the main part of the car. I could have seen if any-body was on the steps I am sure. I am sure that I did not see any one on the step.''

H. B. Hemborg, a brother of Mrs. Richardson, testified: ''Then the conductor went ahead to the switch where he pulled the switch chain out and then he waved the car ahead, and I was just looking at the car and after it had got into motion, I would say after it had traveled about one-third of the way to the switch, I noticed a lady come to the door and then I saw by the way she acted that she was going to step off. I saw the lady step off the car and she fell after she stepped off.''

''When I first saw the lady she was facing out looking out, and then she stepped off. I didn't see her when the car started into motion. The car had gone about one-third of the way to the switch from the place where it started, about a car length, about sixty feet or something like that. I know that it had gone into motion, and then I noticed that she came to the door. I am not certain that anybody got off the car at this point ahead of the lady who fell.''

Mr. Warren, the motorman, testified that after the conductor ran out and pulled the switch, he, the motorman, looked in the rear right mirror, saw that no one was in the act of alighting from the car and then proceeded to operate the car over the switch.

Mr. Van Zandt, the conductor, testified that the car did not stop prior to the coming to the switch point, but was going about three or four miles an hour; that he jumped off and ran up and pulled the switch and that the first he knew of the accident was just before the rear trucks struck the switch when he saw the plaintiff in the street. It is true that as against this evidence the plaintiff testified that when the car came to a stop before crossing over the switch and while it was stopped, she started to alight and it was then the car started violently and threw her to the ground, thus causing her injuries. The conductor further testified that at the time he reached the plaintiff just after the accident she said to him: ''I should have known better than that. I saw

the other lady get off the car, and thought I could make it.'' One week after the accident the plaintiff made a written statement as follows: ''Just as I reached the entrance door the car started up in the usual manner. I attempted, however, to alight and was in the act of doing so when I fell from the steps to the ground.'' She further said: ''This car started just as I reached the entrance way and it was moving very slowly when I reached the ground and fell.'' There was also introduced in evidence an ordinance of the city of Los Angeles making it unlawful for any person to board or alight from a street-car while the same is in motion.

In view of the foregoing evidence it can hardly be said that there is a substantial conflict, but conceding that there is, then the power to settle the conflict rested with the trial court (*Wilson* v. *Pedersen,* 204 Cal. 2 [266 Pac. 290]), and having decided it adversely to appellant's contention such decision is binding on the appellate court. (*Jacobus* v. *Brero,* 190 Cal. 374 [212 Pac. 617].) It is also the province of the trial court to determine the matter of proximate cause. (*Newman* v. *E. E. Overholtzer Sons' Co.,* 182 Cal. 778 [190 Pac. 175].)

The finding of the court above referred to may be construed either as a finding of the sole negligence of the plaintiff as the cause of the accident or as the negligence of the defendant with acts of the plaintiff as a contributing cause. Conceding for the sake of argument that the defendant and its servants were negligent in the first instance, the contributory negligence of plaintiff bars a recovery, irrespective of the negligence of the defendants. (*Woodhead* v. *Wilkinson,* 181 Cal. 599 [10 A. L. R. 291, 185 Pac. 851]; *Phillips* v. *Hobbs-Parsons Co.,* 67 Cal. App. 199 [227 Pac. 622].) It is unnecessary to pursue the inquiry further.

The third assignment of error argued by the appellant is to the effect that the trial court did not decide this cause until more than four months after its submission, and that after such a lapse of time the court could not have had in mind the demeanor or appearance of the several witnesses who testified during the trial of the cause. A mere statement of the proposition establishes that it is without merit.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.