[Civ. No. 7453. Second Appellate District, Division One.—November 3, 1932.]

NELLIE HIMES, Appellant, v. BERTRAM B. DANIEL, Respondent.

328

Henry O. Wackerbarth and Wheeler & Wackerbarth for Appellant.

Kidd, Schell & Delamer for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal by the plaintiff from a judgment entered in defendant's favor. The action is one for the recovery of damages for injuries alleged to have been sustained in a collision between an automobile, in which plaintiff was riding as a passenger and which was driven by plaintiff's husband, and an automobile driven by defendant. The facts involved are few in number and only in one instance does there appear any material conflict in the evidence presented here. The accident, in which the injuries complained of occurred, took place on the Valley Boulevard, a highway which, near the point where the accident took place, runs in a general northeasterly direction. The boulevard during its course and for a short distance turns to the east and crosses the tracks of the Southern Pacific Railway, and then again turns north or northeast. The automobile, in which plaintiff was riding, was proceeding northerly upon the boulevard, and had just crossed the railway tracks when the accident occurred. The night was clear, and the headlights on both

automobiles were lighted and the view between the machines was unobstructed. Plaintiff and her witnesses testified that at the time they first saw defendant's automobile, the machine in which they were riding was on the right-hand side of the roadway and near the edge of the pavement. The defendant's automobile was at or near the turn in the highway, and some fifty or one hundred feet distant from them, and approaching at a high rate of speed upon their, or the south, side of the roadway. Plaintiff's husband turned the automobile, in which she was riding, to the left and into the center of the roadway where the two machines collided. The right-hand sides of both machines struck. Defendant testified that he was upon the right-hand side of the roadway as he approached plaintiff's machine and near the center line. That he was driving at about thirty-five or forty miles per hour. That plaintiff's automobile was turned into the center of and across the roadway as he approached it. The trial court found that defendant was negligent, but that the negligence did not proximately contribute to the accident, and that the driver of the automobile in which plaintiff was riding was guilty of contributory negligence, which did proximately contribute to the accident.

Appellant attacks the findings of the trial court and contends that they are not supported by the evidence. Plaintiff's contention upon this appeal, as stated in her brief, is: "William Himes, the driver of the automobile in which plaintiff was driving, having been placed in a position of peril as a result of the negligence of the defendant, and being without fault, and in attempting to escape said perilous position, thereby placing himself in a more dangerous position, he was not guilty of negligence or contributory negligence in so doing."

"This ruling is held to apply only where such person is placed in danger through the negligence of another *and without fault on his part*. When two vehicles collide on the public highway and damage results therefrom, the question of whose negligence caused the injury is generally one for the jury." (Italics ours.) (*Offerdahl* v. *Motor Transit Co.*, 80 Cal. App. 667, 669 [252 Pac. 773].)

In view of the findings and judgment made and entered by the trial court, it would fairly seem that the trial court

elected to believe defendant's testimony that he was driving on the right-hand or lawful side of the highway when approaching the automobile in which plaintiff was riding, and further that plaintiff's husband was negligent in turning his automobile into the center of the highway. Both these findings involve questions of fact.

"The rule is well settled that, when a verdict is attacked for insufficiency of the evidence, our power begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the jury. If, on any material point, the testimony is in conflict, it must be assumed that the jury resolved the conflict in favor of the prevailing party. . . . If it be conceded, for the sake of argument, that there is no conflict in the evidence, still the facts and circumstances surrounding the accident are such that reasonable minds might differ as to whether or not respondent was guilty of negligence, and in such a case a reviewing court is not permitted to substitute its deductions for those of the jury and the trial court." (*Comstock* v. *Morse,* 107 Cal. App. 71, 73 [290 Pac. 108, 109].)

Under the circumstances of the instant case, the driver of the automobile in which plaintiff was riding, having been found negligent (he being plaintiff's husband), plaintiff cannot avail herself of the rule of law upon which she rests her contention for a reversal here.

 Appellant contends that respondent was negligent in that he was driving his automobile at a speed greater than permitted by law. Respondent admitted that his speed was thirty-five or forty miles per hour. Appellant contends that under section 113 of the California Vehicle Act any speed in excess of fifteen miles per hour was unlawful and negligent. The section provides for a limit of fifteen miles per hour "in traversing a grade crossing of any steam, . . . railway when the driver's view is obstructed", and "in traversing or going around curves or corners of a highway when the driver's view is obstructed within a distance of two hundred feet . . . " Though the evidence is that defendant's automobile was approaching the railway crossing, there is no evidence that he had reached it or was engaged in "traversing" it. The evidence

as to the curve in the road upon which defendant was driving was that the view was unobstructed.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.