[L. A. No. 14341. In Bank.—December 29, 1933.]

A. G. MINER et al., Respondents, v. DABNEY–JOHNSON OIL CORPORATION (a Corporation) et al., Appellants.

582

Swaffield & Swaffield, Lawrence Hall, Kenneth Sperry and Joseph E. Madden for Appellants.

Russell H. Pray and Wahlfred Jacobson for Respondents.

CURTIS, J.—This cause was transferred to this court after decision by the District Court of Appeal. We are in full accord with the conclusion reached by the District Court of Appeal regarding the sufficiency of the evidence to support the judgment and agree with that court "that the case presents a substantial conflict in the evidence". We question, however, the correctness of the determination of that court that the trial court so seriously erred in its instructions to the jury as to compel a reversal of the judgment.

The first instruction to which the appellants object is as follows: "You are instructed that when a person is in imminent danger he is not called upon to exercise that intelligence and judgment he would be expected to exercise were he not in such danger, so if a party in imminent danger has two ways open to him but has not the time to stop and investigate and determine which is the right or safe way and which is the wrong or unsafe way, his choosing of the latter is not, under the circumstances, negligence on his part." This instruction, the appellants contend, was erroneous in that it omitted an essential element of the rule of imminent danger in that it failed to inform the jury that the person claiming the benefit of said rule must himself be "without negligence on his part". This contention must be sustained. (*Brooks* v. *City of Monterey*, 106 Cal. App. 649 [290 Pac. 540]; *Vedder* v. *Bireley*, 92 Cal. App. 52 [267 Pac. 724].) It has even been held that under some circumstances the giving of such instruction constituted "prejudicial error requiring a reversal of the judgment". (*Gootar* v. *Levin*, 109 Cal. App. 703, 706 [293 Pac. 706].) However, in those cases but slight if any consideration was given to other instructions upon the same subject which might have had a tendency to nullify the erroneous effect of the instruction under review. In the present action the court gave another instruction upon the question of imminent peril which correctly

stated said rule and respondents contend that any error committed by the court in giving instruction No. 23 is cured by that instruction. This second instruction is in the following words: ''You are instructed that one who, without negligence upon his part, is suddenly confronted with imminent danger or seeming imminent danger is not required to exercise that degree of care and skill which is required in the commission of an act after careful deliberation; he is required to act only as a reasonably prudent man would act, under similar circumstances.''

The question is, therefore, squarely presented as to whether the giving of a concededly erroneous instruction is cured by the giving of a corrected instruction upon the same subject. Appellants contend that in such a case the instructions are necessarily contradictory and that it is impossible to determine from the record upon which theory the jury based their verdict and, therefore, the judgment predicated thereon must be reversed. While this may be true generally, it is not the rule applied in all cases. ■ The distinction between the two types of instructions and the reasons why the rule applies to one and not the other is stated as follows: ''If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby. If, however, an essential principle of law is stated to the jury materially incorrect, this prejudicial error will not ordinarily be cured by a corrected declaration of the same principle in another instruction.'' (*Soda* v. *Marriott,* 118 Cal. App. 635, 643 [5 Pac. (2d) 675].) We think instruction No. 23 is included in the first class of instructions mentioned above where the omission is of an essential element of the instruction rather than of an incorrect statement to the jury of a principle of law. In instruction No. 23 the jury were correctly instructed as to the application of the doctrine of imminent peril with the exception that the court omitted to inform them that it was available only to a person ''without negligence on his part''. This omission in instruction No. 23 was supplied by instruction No. 31 which correctly stated the true doctrine. There was no conflict between the two instructions, as one instruction was silent as to the element in question while it was expressly stated in

the other. It was in effect so held in the case of *Marshall* v. *American Meter Co.*, 98 Cal. App. 759 [277 Pac. 894], where we find the subject treated as follows: "Acting upon the request of the plaintiff the court instructed the jury as follows: 'In time of imminent danger a person is not necessarily negligent because he fails to take every precaution or adopt every means of safety that a careful calculation subsequently shows he might have taken or adopted'. The defendants assert that the instruction fails to consider the conduct of the plaintiff before the imminent danger arose. That is true; but it neither includes such ·conduct nor excludes such conduct. That was considered in other instructions specially addressed thereto. The instructions under consideration in *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724], were not so drawn. They expressly excluded and ignored plaintiff's conduct."

It will be observed that in the instruction considered in the cited case the same omission occurred which is found in instruction No. 23 in the present case, and it was that omission which the court referred to when mentioning "the conduct of the plaintiff before the imminent danger arose". A reading of pages 60 and 61 of the case of *Vedder* v. *Bireley, supra,* so indicates. We find a discussion of this subject in the case of *Gaster* v. *Hinkley,* 85 Cal. App. 55, 61 [258 Pac. 988, 991], which we think confirms our conclusion that the omission of this one element from the instruction was not reversible error under the circumstances of this case. While the instruction therein considered was not one which related to the doctrine of imminent peril, the decision states a general principle applicable to all instructions generally. In that case the court said, "Standing alone this instruction was erroneous. The burden of proving contributory negligence of the plaintiff rested upon the defendant. Not only must it appear that plaintiff was guilty of a lack of ordinary care for her own safety under the circumstances of the case, but also that this negligence contributed directly and proximately to the injuries which she sustained. (*Gett* v. *Pacific G. & E. Co.*, 192 Cal. 621, 631 [221 Pac. 376] ; 19 Cal. Jur. 649.) To instruct the jury that it was only necessary that plaintiff's negligence should contribute 'in anywise' to the injuries which she sustained falls far short of the well-established rule that it must *directly* and *proximately* contribute

to the injuries sustained. However, the jury was elsewhere fully and correctly instructed as to all the necessary elements constituting contributory negligence. All of the instructions must be read together, and construed as a whole. (24 Cal. Jur. 857, sec. 113.) The omission of a necessary element from one instruction is not reversible error, provided it is supplied in other instructions.''

We conclude from this discussion that the two instructions were not contradictory, and that when read together we do not think that the jury could have been misled or confused by them. This was to all intents and purposes the effect of the decision in *Drury* v. *Los Angeles Ry. Corp.*, 102 Cal. App. 58, 64 [282 Pac. 525, 527], where we find the law upon the subject stated as follows: ''The last instruction complained of involves the law applicable to the conduct of one who is suddenly placed in imminent danger of serious injury. It evidently refers to the incident disclosed by the evidence, from which it appears that when Mrs. Drury was thrown from the moving car as it proceeded around the curve, she still clung to the handrail and was dragged until her feet were caught and crushed beneath the wheels of the car, while with the exercise of better judgment she might have released her hold of the handle-bar and fallen to a place of greater safety on the pavement. This instruction read in part: 'When a person, without fault on his part, is suddenly put in a position of peril by the negligent act of another, even if in bewilderment he runs directly in the very danger which he fears, he is not at fault. . . . ' Standing alone this is technically not a correct statement of the law. It was preceded by another instruction relative to the same subject which was given in greater detail and its application was apparent. When these two instructions are read together, we are inclined to think the jury could not be misled thereby. Particularly is this true in view of the fact that the jury were clearly informed that the plaintiff Ethel Drury could not recover if she was guilty of contributory negligence.'' As in the case just cited the jury in the present case was definitely instructed that no recovery could be had by the plaintiffs if they were guilty of contributory negligence. Under these decisions of the courts of this state, we are of the opinion that the giving of instruction No. 23 was not reversible error.

■ The next instruction of which the appellants complain reads as follows: "You are instructed that in order to hold the plaintiffs guilty of contributory negligence you must find from the evidence in the case that the plaintiff A. G. Miner failed to do that which a person of ordinary prudence and caution would have done under the same or similar circumstances." The contention is made that contributory negligence may arise from an act of commission as well as from an act of omission and that the instruction complained of failed to state that contributory negligence might arise from an act of commission. However, in a number of other instructions negligence and contributory negligence were correctly defined and the jury were told that "negligence was the wrongful doing of an act, or the wrongful omission to act". This was the exact situation before the court in *Gotsch* v. *Market Street Ry.*, 89 Cal. App. 477, 482 [265 Pac. 268, 270], and the court there held that: "The jury was instructed by the court on its own motion that contributory negligence is such 'an act or omission on the part of plaintiff,' etc. This latter instruction cured any defect in the one complained of which was given at the suggestion of the plaintiff."

■ Appellants also complain of the following instruction: "You are instructed that if you find that defendants were negligent, as alleged in plaintiffs' complaint, and that their negligence proximately contributed to any injury sustained by plaintiffs, then you are not to compare their negligence or determine which was more negligent or which contributed most to the injury, since both would be then jointly and severally liable and the plaintiffs may recover against either or both of them, provided, of course, they were free from contributory negligence; and in these circumstances, if you so find, it will be your duty in this case to render your verdict in favor of the plaintiffs and against the defendants." Appellants' first objection to this instruction is in the use of the words, "proximately *contributed* to any injuries sustained by plaintiffs". They contend that the instruction as worded is an incorrect statement of the law, is misleading to the jury, and prejudicial error for the reason that in the place of the objectionable words the court should have, in referring to defendants' negligence, used the words, "proximate *cause* of the injury". As appellants

state in their brief, "In the case of *Power* v. *Crown Stage Co.*, (1927) 82 Cal. App. 660, 671 [256 Pac. 457], it is expressly pointed out that such an instruction is erroneous; however, in this case it was held not to be prejudicial upon the grounds that it was corrected by other instructions." To the same effect is the case of *Dougherty* v. *Ellingson*, 97 Cal. App. 87 [275 Pac. 456]. The same situation prevails in the present case. Therefore, the same reasons exist for holding that appellants were not prejudiced by the giving of this instruction in so far as the above objection is concerned.

Appellants further criticise that part of this instruction whereby the jury were instructed upon the doctrine of joint tort-feasors for the reason that this doctrine was entirely without the issues of the case. There are two defendants in the action, the Dabney-Johnson Oil Corporation and L. K. Black. The pleadings and the proof show that the action against these two defendants was predicated upon the theory that the corporation was the owner of the truck with which plaintiffs' machine collided and that Black was the driver of the truck at the time of the accident. No claim was made at any time that the two defendants were joint tort-feasors, but it was sought to hold Black as the party actually guilty of the negligence that caused the plaintiffs' injuries, and the Dabney-Johnson Corporation, as the employer of Black, under the doctrine of *respondeat superior*. Under this state of the case the instruction, in so far as it instructed the jury upon the doctrine of joint tort-feasors, was clearly erroneous. We are at a loss, however, to perceive how this erroneous instruction prejudiced the rights of the appellants in any material respect. Appellants cite numerous authorities which hold in the particular instances recited therein that it was prejudicial errer to instruct the jury upon an issue not within the evidence or the pleadings. It may readily be conceded that in certain cases, depending upon the facts in each particular case, the rule would be as contended for by the appellants. But appellants have not suggested, and we are unable of our own initiative, to conceive any reason why the giving of this instruction would unduly confuse the jury or in any way prejudice the rights of appellants. We may say, before leaving the subject, that the jury were correctly and minutely instructed upon the doctrine of *respondeat superior*, and were told explicitly that

the Dabney-Johnson Corporation could only be held liable as the employer of Black and then only in case Black was guilty of negligence while acting in the course of his employment.

A third objection to instruction No. 27 is predicated upon the contention that it is a formula instruction and that it directs a verdict for the plaintiffs and entirely omits any reference to the element of proximate cause. As we have seen, the words "proximately contributed" were used in the instruction instead of "proximate cause", and we have, we think, shown that no prejudicial error was committed by the court in the use of said substituted words. No reason appears why a different ruling should be made regarding the objection to this instruction now under consideration. There is some question whether this is a formula instruction. It is not necessary for us, however, to pass upon this question in view of what we have just stated. We may state that the reasoning and conclusion of the court in *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390, 394, 395 [264 Pac. 237], in relation to an instruction in many respects similar to the one now before us, might well be applied to the present instruction.

Two other instructions were attacked by appellants, instruction No. 35 and instruction No. 36. Instruction No. 35 embodied a section of the city ordinance of the city of Long Beach, the city in which the collision occurred, relating to stopping, standing and parking of vehicles in the streets of said city. It further contained a statement applying the provisions of said section of the ordinance to the facts of the present case. The appellate court held that said instruction was free from error, with which ruling we agree. As to instruction No. 36, the appellate court made no comment. It relates to the duty imposed upon the operator of a motor vehicle to equip his machine with lights as required by sections 99, 106 and 109 of the California Vehicle Act. In these two instructions, the jury was told that the plaintiffs could not recover if they were "guilty of negligence which was the proximate cause of the accident in question". The criticism of these two instructions is that they should have stated that the plaintiffs could not recover if they were guilty of negligence which proximately contributed to the accident rather than negligence which was the proximate

cause of the accident. An instruction in almost the precise language of these two instructions, in so far as it relates to the criticised portions thereof, was approved by the court in the case of *Katz* v. *T. I. Butler Co.*, 81 Cal. App. 747, 750 [254 Pac. 679]. We think this decision fully answers the objection of appellants to these two instructions.

The jury was fully and, in our opinion, fairly instructed upon all of the issues in the case. The objections advanced by the appellants against the instructions of the court, while clearly and forcibly presented, and in most instances supported by persuasive arguments, are not, in our opinion, of sufficient weight or substance to justify a reversal of the judgment.

The judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.