[Civ. No. 197.   Fourth Appellate District.—December 10, 1930.]

PARTHENIA D. SINSABAUGH, Appellant, v. LILLIAN B. CLARK et al., Respondents.

Philip T. Lyons and Ernest M. Torchia for Appellant.

Swing & Wilson for Respondents.

MARKS, J.—This action grew out of a motor vehicle accident which happened about 4 o'clock in the afternoon of December 18, 1928, in the intersection of Colton Avenue and Anderson Street in San Bernardino County. Colton Avenue runs east and west and Anderson Street intersects it at right angles. Appellant was riding south on Anderson Street in an automobile driven by Miss V. M. Riddle. It came into collision with another automobile being driven east on Colton Avenue by respondent. Appellant and Miss Riddle were thrown to the pavement by the impact and seriously injured. They brought separate actions for damages, which were consolidated and tried together before a jury which returned a verdict in favor of respondent. This appeal is taken by appellant from the judgment entered following the verdict.

Appellant maintains that the evidence is insufficient to justify the verdict and judgment and that the verdict is contrary to law and the evidence; that errors of law prejudicial to appellant occurred during the trial, and that the court erred in giving instructions proposed by respondent. The only error of law occurring during the trial specified in her brief is the refusal of the trial court to grant her motion made at the close of the evidence "for a directed verdict against the defendant". There was no error in the denial of this motion. We will not consider it separately as we must discuss the sufficiency of the evidence to support the judgment under the other specifications of error.

The evidence shows that Miss Riddle was a huckster engaged in the business of selling fruits, vegetables and other such produce from house to house, having done business with appellant for over a year prior to the accident. Some days prior to December 18, 1928, appellant told Miss Riddle that she wanted to purchase a milk goat. Miss Riddle found such goats for sale near Loma Linda and on the day of the accident was taking appellant to see them.

Miss Riddle would have received a commission from the owner of the goats if a sale had been consummated.

Colton Avenue is a link in a main traffic artery leading from the city of Los Angeles easterly through Los Angeles County and into San Bernardino County, connecting the cities of Colton and Redlands in the latter county. Boulevard stop signs were posted on Anderson Street both north and south of its intersection with Colton Avenue. At the trial it was stipulated by counsel for both parties that by an ordinance of San Bernardino County, Colton Avenue was designated as a boulevard, and vehicles on Anderson Street were required to be brought to a full stop before entering the intersection. Upon this stipulation the case was tried on the theory that vehicles on Anderson Street were required by lawful enactment to stop before entering Colton Avenue. The ordinance does not appear in the record.

We have carefully read the evidence in this case, having in mind the contention of appellant that it is insufficient to sustain the verdict and judgment. Counsel for appellant in his opening brief, and after quoting at length from the evidence upon this point, states his conclusions as follows: "From the foregoing, the most that can be said is, that there is a conflict of evidence as to whether the defendant (Miss Clark) or the driver of the car, Riddle, was negligent, or whether both of these parties were negligent." Our study of the case leads us to agree with this conclusion. Conflicts in evidence are addressed to the jury or the trial court. The jury resolved this conflict in favor of one party and against the other and this court cannot disturb the verdict because the evidence was conflicting. (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25].) All reasonable inferences from the evidence must be resolved in favor of the support of the verdict and judgment. (*Bandle* v. *Commercial Bank of Los Angeles,* 178 Cal. 546 [174 Pac. 44].)

In reviewing a case of this kind it is only necessary for us, in determining whether or not there is material evidence to sustain the judgment, to summarize the evidence favorable to the prevailing party. From the evidence in this case it appears that respondent, with her sister as a passenger, was driving her automobile east on her right-

hand side of Colton Avenue at a speed of not over thirty-five miles per hour. Upon reaching the intersection this speed was reduced to about twenty miles per hour. There is nothing in the evidence to force the conclusion that the street crossing was an obstructed intersection as defined in paragraph two of section 113 of the California Vehicle Act. The two vehicles entered the intersection at about the same time, with respondent upon the right of the Riddle car, which did not stop on Anderson Street before entering the intersection. When it appeared that a collision was imminent, respondent swerved her car sharply to her right and Miss Riddle kept on her course, driving the front of her automobile into the left side of the Clark car, the place of the impact being from about the rear of the driver's seat forward to near the front end. The collision occurred on the southeast quarter of the intersection east of the center line of Anderson Street. Miss Riddle testified that she was proceeding between fifteen and twenty miles per hour at the time of the collision; that at such speed she could stop her car within five or six feet; that she proceeded between thirty and forty feet after seeing respondent's car before the impact. Her testimony concerning her action just before the collision was as follows: "Q. Who did you see coming? A. Miss Clark. Q. That is Lillian Clark; what was she coming in? A. She was coming in a nice looking car. Q. Was it an open or closed car? A. Closed car. Q. Where did you first see her? A. Why I saw her when she was about 50 feet away from us. Q. Where were you when you saw her? A. In the middle of the road. Q. What did you do? A. I put on the gas and tried to get across the road before she would reach me." With this evidence before it the jury was justified in concluding that respondent was not negligent and that Miss Riddle was negligent in the operation of her automobile and that such negligence was the proximate cause of the accident and the consequent injuries to plaintiff. The evidence we have summarized was sharply disputed in some particulars, but this at best created a conflict which the jury resolved in favor of respondent.

Appellant further contends that the evidence shows that respondent was guilty of negligence in the operation of her car just before the accident. Assuming this to be true

and that the jury concluded that both respondent and Miss Riddle were guilty of negligence in the operation of their cars before the accident, it was still the province of the jury to determine which act of negligence was the proximate cause of the injury to appellant or whether or not the concurrent negligence of both drivers proximately caused the collision. "The question of proximate cause was one for the jury and, if that be true, their decision cannot be disturbed on appeal. (*Newman* v. *E. E. Overholtzer Sons' Co.*, 182 Cal. 778 [190 Pac. 175]; *Anderson* v. *Seropian*, 147 Cal. 201 [81 Pac. 521]; *Dougherty* v. *Ellingson*, 97 Cal. App. 87 [275 Pac. 456].)" (*Olden* v. *Babicora Dev. Co.*, 107 Cal. App. 399 [290 Pac. 1062].) The finding of the jury in favor of respondent on these questions is final. (19 Cal. Jur. 732.)

Appellant criticises some of the instructions proposed by respondent and given by the court mainly upon the ground that clauses in some of them charge on questions of law not presented by the evidence. We have reviewed all of the instructions and think that, taken as a whole, they were fair to all parties and the jury was not misled by them. This being the case we cannot reverse the judgment because certain phrases used might not be considered applicable to the facts in evidence. (*Marston* v. *Pickwick Stages*, 78 Cal. App. 526 [248 Pac. 930]; *Wright* v. *Salzberger & Sons*, 81 Cal. App. 690 [274 Pac. 671]; *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237]; *Weaver* v. *Carter*, 28 Cal. App. 241 [152 Pac. 323]; *Lower* v. *Hughes*, 80 Cal. App. 444 [251 Pac. 952].) We conclude that the case was fairly tried and that the record contains no error prejudicial to the rights of appellant.

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 5, 1931.