[Civ. No. 10259.   First Appellate District, Division One.—June 23, 1937.]

EUGENIO M. VALENCIA, Appellant, v. SAN JOSE SCAVENGER COMPANY (a Corporation) et al., Respondents.

CATALINO TIGERO, Appellant, v. SAN JOSE SCAVENGER COMPANY (a Corporation) et al., Respondents.

Jensen & Holstein, Sans & Hudson, Albert Waldstein, Donald C. Young and Harold J. Abraham for Appellants.

Frank V. Campbell, L. H. Schellbach and Walter E. Rankin for Respondents.

KNIGHT, J.—The appellants, Eugenio M. Valencia and Catalino Tigero, were riding in an automobile owned and driven by one de Los Reyes when it collided with respondents' garbage truck at the intersection of Delmas Avenue with Santa Clara Street, in San Jose; and on account of the injuries received as a result of the collision appellants and de Los Reyes brought separate actions for damages, which were subsequently consolidated for trial and decided by a jury in favor of respondents. Motions for new trial were made and denied, and Valencia and Tigero appealed. The two appeals are presented in one record, and the ground urged for reversal is that the trial court gave two groups of instructions at the request of respondents which were prejudicially erroneous.

The accident happened about 6 o'clock in the morning while de Los Reyes was driving Valencia, Tigero and another man to work near Milpitas, several miles out of San Jose. The automobile in which they were riding was of the type known as a Ford "pick up". Valencia and Tigero were riding on the front seat with de Los Reyes, and the fourth man was sitting on a box in the bed of the car. All four men were Filipinos. They started very early that morning from a camp near Watsonville, operated by de Los Reyes for

Filipino field laborers. Under his agreement with the men, he obtained employment for them, drove them to work, collected their pay checks and deducted therefrom the amount due him for their board and lodging, which included his compensation for driving them to work. After reaching San Jose they visited friends at several different places and then started for Milpitas. The evidence is sharply conflicting as to the cause of the accident. On the part of appellants evidence was adduced to show that the truck, which entered Santa Clara Street from Delmas Avenue, failed to observe an arterial stop sign at the intersection, cut the corner, and was driven into Santa Clara Street at an illegal rate of speed; whereas on the part of respondents evidence was adduced to show that the Ford was being driven for several blocks along Santa Clara Street and started across the Delmas Avenue intersection at a grossly excessive rate of speed. At all events the Ford struck the extreme left rear of the truck, continued on for a distance of some twenty to fifty feet, burst into flames and the three occupants of the front seat were badly burned. Two of the special defenses pleaded against appellants were contributory negligence and that they "assumed the risk of riding in the Ford truck . . . at the time and place of the accident" and that their injuries "were proximately caused by the risks so assumed . . . " ██ Four instructions (numbered 67, 68, 70 and 71) are included in the first group assigned as error. The first two were as follows: "If you find from the evidence that the plaintiffs' car was being operated at and immediately prior to the collision at an excessive rate of speed and that such excessive speed was a proximate cause of the collision, and you further find that the plaintiff passengers knew of and consented to such excessive speed, then the plaintiffs may not recover, although you should also find that the defendants operated their truck in a negligent manner." "If you find from the evidence that the plaintiffs' car was operated at a dangerous and excessive rate of speed which excessive rate of speed was a proximate cause of the collision, and you further find that the plaintiffs Valencia and Tigero knew the car was being so operated and consented thereto, then I instruct you that the further issue of what the defendant did or failed to do is no longer of any consequence since the plaintiffs are not entitled to recover, should you so find." The third instruction (numbered 70) was to the effect that

if de Los Reyes was operating his car at a dangerous and excessive rate of speed, which was the proximate cause of the accident, and appellants knew or by the exercise of ordinary care might have known it was being so operated "and that they consented thereto", they are deemed in law to have assumed and consented to all risks incurred by reason of such excessive speed. By the fourth instruction (numbered 71) the jury was admonished that "while the law does not impute the negligence of the driver of an automobile to those riding with him as guests", the jury should not "confuse the rule which does not impute negligence to a guest with the rule which does bar the recovery of a guest or passenger if he knows of the negligence of the driver . . . and consents to said negligence, or continues to ride with a negligent driver under circumstances which in law imply that he has agreed to the risk which arises from the negligence of which he has knowledge".

Appellants' contention that said instructions, and especially the first two, are prejudicially erroneous is based upon the law laid down in the cases of *Dowd* v. *Atlas Taxicab & Auto Service Co.*, 187 Cal. 523 [202 Pac. 870], and *Brown* v. *Davis*, 84 Cal. App. 180 [257 Pac. 877]. From an analysis of said instructions it will be seen, however, that they are essentially different from those condemned in the two cases just cited. There the substance of the instructions was that if the automobile in which the plaintiff is riding is being driven at an excessive and dangerous rate of speed, and the plaintiff fails to remonstrate, and continues to ride therein, he is guilty of contributory negligence. And the reason for holding that a formula instruction to that effect is prejudicially erroneous is that it omits entirely the essential element of the right of the plaintiff to have his conduct and duty in the premises measured by the rules of ordinary care, and thereby deprives him of the right to have that material issue of fact considered and passed upon by the jury. As said in *Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462 [247 Pac. 236], the duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do either he is wanting in ordinary care being dependent upon the circumstances of the particular case; and while one who knows or should know that the driver is carelessly operating the car must use ordinary

care for his own safety, and it is incumbent upon him to take proper steps for his own protection, still whether failure to protest against the course being pursued by the driver, or to leave the vehicle, constituted a want of ordinary care which proximately contributed to his injuries is a question of fact to be submitted to the jury, unless from the evidence but one conclusion might reasonably be drawn.

In the present case, as will be noted, the instructions were to the effect that if the automobile was being driven at a dangerous and excessive rate of speed and appellants knew thereof "and consented" thereto, they were not entitled to recover damages. Such an instruction doubtless contains a correct statement of the law because, as will be seen, it is in effect nothing more than an amplification of the maxim of jurisprudence that "he who consents to an act is not wronged by it" (Civ. Code, sec. 3515), which has been applied generally in cases of so-called "assumed risk" (such as *Grassie* v. *American LaFrance Fire Engine Co.*, 95 Cal. App. 384 [272 Pac. 1073], *Quinn* v. *Recreation Park Assn.*, 3 Cal. (2d) 725 [46 Pac. (2d) 144], and *Whalen* v. *Streshley*, 205 Cal. 78 [269 Pac. 928, 60 A. L. R. 445]), wherein the relationship of master and servant is not involved, and which, as said in *Schleif* v. *Grigsby*, 88 Cal. App. 174 [263 Pac. 255], are decided according to the accepted standards for measuring the exercise of ordinary care under existing circumstances. And as will be further noted, unlike the instructions in the Dowd and Brown cases, *supra,* the ones here assigned as error in no way deprived appellants of the right to have their conduct and duty in the premises passed upon by the jury because the disputed question of whether appellants consented to the alleged unlawful operation of the automobile was, under the wording of the instructions, left to the determination of the jury. Moreover, it would seem that the form of instructions here given was more favorable to appellants than to respondents for the reason that under the law laid down in the Dowd and Curran cases, *supra,* all that a defendant in an action of this kind is required to do in order to defeat the plaintiff's right of recovery is to show that the plaintiff failed to exercise ordinary care, whereas under the wording of said instructions in the present case, respondents were required to go further and show that appellants *consented* to the alleged negligent act. Under the issues raised by the special defenses appellants would have

been entitled, no doubt, to instructions bearing upon the duty of an automobile guest or passenger as the same is defined in the Dowd and Curran cases, *supra,* but so far as the record shows respondents did not request or propose any such instructions. For the reasons stated we are unable to sustain appellants' contention that said instructions fall within the class of those condemned in the Dowd and Brown cases, *supra.*

The two instructions included in the second group complained of were as follows: "47 . . . The court instructs you further that if the other plaintiffs riding with the plaintiff de Los Reyes rode with him under circumstances which amounted to an assumption of the risk of his driving, *or if they had employed him to drive the car for them, or if they participated in his negligence,* and such action on their part proximately contributed to the happening of the accident, then they cannot recover." (Italics ours.) "62. The court instructs you that section 136½ of the California Vehicle Act in full force and effect at the time of this accident provides as follows: (a) It shall be unlawful for the driver of any vehicle to drive the same when such vehicle is so loaded, or when there are in the front seat of such vehicle such number of persons as to obstruct the view of the driver to the front or sides or to interfere with the driver's control over the driving mechanism of the vehicle. (b) It shall be unlawful for any passenger in a vehicle to ride in such position as to interfere with the driver's view ahead or to the sides, or to interfere with the driver's control over the driving mechanism of the vehicle. . . . If you find that plaintiffs Valencia and Tigero, riding in the front seat, were doing so in violation of subdivision (b) of the foregoing section, then they were guilty of negligence as a matter of law and if such negligence proximately contributed to the happening of the accident, it would bar their recovery."

Appellants concede that said instructions correctly state the law, but they contend that there was no evidence upon which to base either of the two italicized clauses of instruction 47 or to warrant the giving of instruction 62. We find no merit in the contention. The instructions were evidently based on respondents' theory of the case; and the record discloses that there was some evidence adduced relating to the subject-matter of each instruction.

With respect to the matter of employment, appellants say, for instance, in the first paragraph of the statement of facts set forth in their opening brief that de Los Reyes was "the employer of plaintiffs" and was driving them in his car to Milpitas "where Tigero and Valencia were to work for de Los Reyes"; and both de Los Reyes and Tigero testified that de Los Reyes collected appellants' pay checks and deducted therefrom certain sums due him for their board and lodging, which included their right to ride to work in his car. And in regard to the second italicized clause of instruction 47, testimony was elicited sufficient to present to the jury the question of whether the presence of the three men in the front seat of the vehicle did in fact tend to obstruct the view of the driver or to interfere with his control over the driving mechanism of the vehicle. If it did, then under section 136½ of the vehicle act the vehicle was being negligently operated by de Los Reyes, and the other two occupants of the front seat participated in the negligent act. ■ And what has just been said in dealing with this latter point applies with equal force to the question of the propriety of instruction 62. In other words, the admitted fact that the three men were occupying the front seat at the time of the collision, under the circumstances shown by the evidence, was in itself legally sufficient to justify the submission to the jury of the question of whether thereby the provisions of said section 136½ were violated.

■ However, irrespective of the question of evidence, it is well settled that the giving of correct instructions upon abstract propositions of law not entirely applicable to the circumstances of the particular case does not warrant a reversal unless it clearly appears that the jury was misled thereby to the prejudice of the appealing party. (*Hardy* v. *Schirmer,* 163 Cal. 272 [124 Pac. 993]; *Sinsabaugh* v. *Clark,* 110 Cal. App. 340 [294 Pac. 462], citing numerous cases.) And in the present case, even though it be assumed that the evidence above narrated was not enough to warrant the giving of the two instructions under consideration, appellants have not suggested any facts nor presented any argument to show that the jury was misled thereby to appellants' prejudice.

Lastly, it may be said that the action on the merits was exhaustively tried, the reporter's transcript of the testimony covering some 575 typewritten pages; and appellants make no claim that the verdict of the jury is not supported by the

evidence. Furthermore, on account of the consolidation of the cases for trial, it was necessary for the trial court to give three sets of instructions, appellants', de Los Reyes' and respondents'. The total number was 72. They touched on all branches of the case; and after reviewing the entire record we are unable to say that the verdict has resulted in a miscarriage of justice.

The judgments are therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 23, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1937.