[Civ. No. 10759. First Appellate District, Division Two.—August 24, 1938.]

ANTHONY H. WEIS, Respondent, v. PHIL DAVIS, Appellant.

Elliott Johnson and D. W. Brobst for Appellant.

James R. Agee for Respondent.

STURTEVANT, J.—The plaintiff sued to recover damages for injuries suffered in an automobile collision. The jury returned a verdict in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

His first point is that the plaintiff failed to prove by a preponderance of the evidence that there was any negligent act of the defendant which was a proximate cause of the injury suffered by the plaintiff. That point is based on the following facts: On the 16th day of February, 1937, the plaintiff and his brother were attempting to purchase automobiles. They called at the place of business operated by the defendant and plaintiff's brother purchased a Chrysler automobile for which the defendant was a sales agent. Thereupon negotiations commenced in the course of which the plaintiff and the defendant entered into a discussion of the purchase by the plaintiff of another automobile. The plaintiff wanted a car that would travel approximately 80 miles an hour. He tried a demonstrator car and was not satisfied with the performance. Later the defendant planned to personally conduct a demonstration. At about 4 o'clock in the afternoon the defendant asked the plaintiff to ride with him. The defendant sat at the wheel, the plaintiff sat on his right. The plaintiff's brother, Nicholas, sat behind them. They at once started for the Hagenberger road. It is a paved two lane highway leading from Oakland south to the airport. It is level and straight and has a white line down the center. After leaving Oakland one crosses some railroad tracks and then enters the straight road. Soon after entering the straight road Nicholas Weis testified he looked ahead and saw four cars approaching from the south. The rear car was a coupe. At the time the witness observed the cars they were approximately 750 feet to the south. At the same time the witness made said observation he noted the coupe turn to its left and start toward the defendant's car. At about that moment Nicholas testified the defendant turned toward him (indicating to the court and jury the movement), and made the remark, "Well look here, I am going 72 miles in second gear and that is all you said you could do in high gear." Nicholas further testified that the defendant thereupon turned and pointed towards the speedometer. The witness followed his movements and read

the speedometer. It indicated 72 miles per hour. He then looked up and, as he testified, he saw a car directly on top of him. It was the coupe. The transcript contains photographs of the road. One shows the road looking to the south and the other one shows it looking to the north. Except as to the objects we have mentioned there was evidence that there were no other obstructions to the view. The defendant testified he did not see but one car. He testified he did not see it until it was 100 feet distant. He did not apply his brakes until he was 30 feet distant from the coupe. He did not slacken his speed at any time. His car proceeded forward and struck the coupe, which at that time was still turning to the left. Conceding that there was evidence in the record from which it might be contended the defendant was not negligent, it is quite clear from the foregoing statements that there was evidence from which the jury could draw the conclusion one of the proximate causes of the collision was the negligence of the defendant in failing to keep his eyes on the road in front of him.

■ The second contention of the defendant is that the high rate of speed at which his automobile was traveling and which was consented to by the plaintiff was a proximate cause or concurring proximate cause of plaintiff's injury and he, by his consent to the speed, assumed all risk of injury and therefore was not entitled to recover. That contention is too broad. (*Graff* v. *United Railroads*, 178 Cal. 171, 176 [172 Pac. 603].) The defendant asserts that his contention is flatly based on an instruction that has been duly approved by the courts of this state. He claims it was so approved in *Valencia* v. *San Jose Scavenger Co.*, 21 Cal. App. (2d) 469, 471 [69 Pac. (2d) 480]. That case involved a collision between a garbage truck and a Ford "pick up" truck. The latter car was being driven by de Los Rayes. He commenced an action for damages. Valencia and Tigero were riding with him and were seated at his side. They commenced an action for damages. The two actions were consolidated. At the request of the defendant in that case the trial court instructed the jury as follows: "If you find from the evidence that the plaintiffs' car was operated at a dangerous and excessive rate of speed which excessive rate of speed was a proximate cause of the collision, and you further find that the plaintiffs Valencia and

Tigero knew the car was being so operated and consented thereto, then I instruct you that the further issue of what the defendant did or failed to do is no longer of any consequence since the plaintiffs are not entitled to recover, should you so find.'' As applied to the case that was then on trial it was held said instruction was not an erroneous statement of the law. We have no quarrel with that decision. In the instant case it is quite clear the facts that the defendant turned and looked to the rear when his car was traveling 72 miles an hour and that he then turned and looked at the speedometer with such a degree of attention he did not see four automobiles approaching from in front of him present a very different combination of facts. Granting that the plaintiff assumed the risk of traveling 72 miles an hour, there was nothing in the record showing he assumed the additional risks just mentioned above. (*Graff* v. *United Railroads, supra.*)

The defendant next contends that counsel for plaintiff was guilty of prejudicial misconduct in knowingly developing testimony to bring before the jury the fact that the defendant carried liability insurance. We think there is no merit in the point. It arose in this manner. Mrs. Latimer was an employee of the defendant. She was called as one of his witnesses. In reply to questions by defendant's counsel she testified to declarations made by Nicholas Weis to the effect that the accident was not the fault of Davis. That declaration was made, she claimed, later during the afternoon on the day of the accident. On cross-examination she was asked if she had discussed her testimony before coming into court with anybody. She replied she had not. On redirect examination, by a series of questions, the defendant sought to reinforce that statement. On recross-examination the following proceedings were had: ''By Mr. Agee: Q. Before Mr. Johnson got into the case, you did see a representative, in this matter, I understand, did you not? A. I saw somebody from the insurance company. Q. You did? A. Yes. Mr. Agee: That is all.'' Thereupon the defendant made a motion for a mistrial. The motion was denied. Later, when instructing the jury, the trial court gave an instruction as follows: ''If in this case you have gathered from the testimony or from any question asked, or any remark made by any counsel in the case, or by the Court, or from

any other source whatsoever, that any accident insurance company is interested in this case, you must, under your oaths, entirely discard the same from your minds in arriving at your verdict. You are only concerned with the plaintiff and the defendant herein, and your verdict must be solely determined as between those parties and none other. There is no insurance company a party to this case.'' We think there was no error; however, if there was, it was clearly invited. Moreover, the error, if any was certainly cured by the instruction given by the court.

The last point made by the defendant is that the trial court committed prejudicial error by refusing to instruct the jury that all other negligent acts of the defendant became immaterial if the plaintiff consented to excessive speed and further found that excessive speed was found to be a proximate cause of plaintiff's injury. The instruction referred to was closely paraphrased from the instruction numbered seventy set forth in *Valencia* v. *San Jose Scavenger Co., supra*. As hereinabove set forth we think the rule of law was not pertinent to this case and that the decisions of our own courts have so held. The same holding is to be found in other jurisdictions. (*National Motor Vehicle Co.* v. *Kellum*, 184 Ind. 457 [109 N. E. 196, 199]; *Liston* v. *Reynolds*, 69 Mont. 480 [223 Pac. 507, 508].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 20, 1938. Shenk, J., and Curtis, J., voted for a hearing.