[No. 5968.]

## SAMUEL B. CHIDESTER *v.* CONSOLIDATED PEOPLE'S DITCH COMPANY.

NEGLIGENCE—PROXIMATE CAUSE.—In actions for negligence the damages to be recovered are only those of which the negligent act is the *proximate* cause.

CONTRADICTORY INSTRUCTIONS. — Where contradictory instructions are submitted to a jury, error in one instruction will not be held to be cured by the

other instruction, as it is impossible to determine on which of them the jury acted.

APPEAL from the District Court of the Nineteenth Judicial District, Tulare County.

The action was for damages alleged to have been caused to plaintiff's land by the overflow of a ditch, which was the property of the defendant. The complaint alleged that the overflow was the consequence of negligence on the part of the defendant, in not keeping the ditch in repair. The first instruction which is referred to in the opinion was as follows: "If the defendant has been guilty of negligence, such negligence will not entitle the plaintiff to a verdict, unless the evidence shows that the plaintiff has suffered damages from such negligence as the approximate and direct result of such negligence."

Judgment was rendered for the plaintiff upon a verdict of the jury, and the defendant appealed therefrom.

The other facts are stated by the Court.

*Brown & Daggett*, for the Appellant.

*W. W. Cross* and *Atwell & Bradley*, for the Respondent.

By the COURT:

By the fourth instruction given at the request of the plaintiff, the Court instructed the jury that for any injury to the lands of the plaintiff, caused by the overflow of the waters entering the defendant's ditch, "resulting either directly *or remotely* from the negligence of the defendant in not keeping the same in good repair, or in the manner of its use while under defendant's exclusive control, defendant is responsible for such damages as he has sustained by reason thereof."

This instruction is erroneous, in so far as it declares the defendant to be responsible for damages resulting "*remotely*" from the defendant's negligence. The law is well settled that in actions for negligence the damages to be recovered are only those of which the negligent act is the *proximate* cause. The maxim applicable to such actions is "*causa proxima non remota*

*spectatur.*" (Shearman & Redfield on Negligence, secs. 93–95, and cases there cited. ,See also Civil Code, sec. 3333.) If it be claimed that the error in this instruction was cured by the first instruction given at the request of the defendant, the answer is that the two instructions are in this particular contradictory, and it is impossible to determine on which of them the jury acted. (*People* v. *Campbell*, 30 Cal. 312 ; *Brown* v. *McAllister*, 38 Cal. 573 ; *People* v. *Anderson*, 44 Cal. 65.)

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.