[Civ. No. 7121.  First Appellate District, Division One.—August 27, 1930.]

MYRA B. FASSETT, Respondent, v. TONY NASCIMIENTO, Appellant.

[Civ. No. 7122.  First Appellate District, Division One.—August 27, 1930.]

HARRY FASSETT, Respondent, v. TONY NASCIMIENTO, Appellant.

Barry J. Colding and Theodore Hale for Appellant.

Melvin & Sullivan and Maurice J. Rankin for Respondents.

DEASY, J., *pro tem.*—On the first day of August, 1928, a little after 3 o'clock in the afternoon, respondents, who are husband and wife, were proceeding in a general south-

erly direction on the highway a short distance south of Coyote, in Santa Clara County, in an Overland sedan owned by them and being driven by respondent Harry Fassett. A Ford car, driven by one J. K. Rideout, passed respondents' car on its left and going in a southerly direction. Just prior to such passing, respondents observed a Dodge coupe coming toward their car in a northerly direction. When first seen the Dodge car was on its right side of the road, and was being driven by appellant. The Ford car had gone but a short distance ahead of respondents' car, when, suddenly, the Dodge car, driven by appellant, turned to its left and came across toward its wrong side of the road, struck the Ford car, and then proceeded on its way and crashed into respondents' car. As a result of the impact both of the respondents were injured. Each filed a separate suit against appellant and one J. P. Pombinho, the latter being the owner of the Dodge car. The cases were consolidated for trial, and were tried before the court sitting with a jury, which rendered a verdict in favor of respondent Myra B. Fassett for the sum of $9,000 and a verdict in favor of respondent Harry Fassett for the sum of $1800. The verdicts were against appellant Nascimiento alone, the jury having found in favor of Pombinho. From the judgments entered on these verdicts Nascimiento appealed, and the appeals by stipulation were consolidated for hearing in this court.

The first contention of appellant is that his demurrer to the complaint of Myra B. Fassett on the ground that "it cannot be ascertained therefrom whether or not plaintiff has legal capacity to maintain this action for the special damages alleged in paragraph V of her said complaint," should have been sustained. The paragraph referred to set up a claim for medical attention and nursing and hospital expenses. The theory of appellant is that since Mrs. Fassett was a married woman and living with her husband at the time of the accident, he alone could recover for the matters specified.

So far as the demurrer is concerned, it is a sufficient answer to the objection to say that nowhere in the complaint does it appear that Myra B. Fassett is a married woman,

"A demurrer reaches only matters appearing upon the face of the pleading to which it is directed, and it must be determined upon the allegations of such pleading without speculation on what might have happened or what might not have occurred. Accordingly, a demurrer for want of capacity to sue, or misjoinder, or non-joinder of parties, does not lie unless the objection appears affirmatively on the face of the complaint." (21 Cal. Jur., pp. 94 and 95.) The demurrer was properly overruled.

Appellant does not question the finding of the jury as to his negligence, but confines himself, so far as the case of Myra B. Fassett is concerned, to the question involved in the demurrer, to wit, that she could not recover for medical, nursing and hospital expenses, and that it was error for the court to admit evidence concerning such matters. The whole argument is based upon the theory that these matters are consequential damages to the husband, and that, therefore, he alone could maintain an action to recover them.

Prior to the amendment of section 427, subdivision 8 of the Code of Civil Procedure, in the year 1915, it was uniformly held in this state that a wife maintaining an action for damages for injuries to herself could not include therein any claim for special or consequential damages, and that the right to recover such damages was in the husband alone. And also it has been held that where husband and wife joined in an action to recover damages for personal injuries to the wife, consequential damages could not be recovered. (*Easton* v. *United Trade School*, 173 Cal. 199 [L. R. A. 1917A, 394, 159 Pac. 597].) The latter case was decided in 1916, but the cause of action accrued, and the case was tried prior to the amendment of section 427 of the Code of Civil Procedure.

Since the amendment in question, it is the law that in a joint action by husband and wife to recover damages for injuries to the wife the husband can join a cause of action for consequential damages to himself without separately stating such cause of action. Consequential damages in such a case include loss of services, and moneys expended and indebtedness incurred by reason of the injuries to the wife.

In the case of *Meek* v. *Pacific Elec. Ry. Co.*, 175 Cal. 53 [164 Pac. 1117], the court said:

"Express authority for thus incorporating in one cause of action a statement of the damages sustained by the wife on account of personal injuries with a statement of the consequential damages suffered by the husband is found in subdivision 8 of section 427 of the Code of Civil Procedure, which provides that 'in any action brought by the husband and wife, to recover damages caused by any injury to the wife, all consequential damages suffered or sustained by the husband alone, including loss of services of his said wife, moneys expended and indebtedness incurred by reason of such injury to his said wife, may be alleged and recovered without separately stating such cause of action arising out of such consequential damages suffered or sustained by the husband.' "

In the instant case no claim is made by Myra B. Fassett for loss of services, the only matters complained of which might be consequential damages to her husband were the items of doctors' bills, nurses' bills and hospital bills. Bills of these three kinds, amounting to $892.60, were admitted in evidence at the trial over appellant's objection, and he now urges that this was error which requires a reversal of the case.

The evidence shows that after the accident Mrs. Fassett was taken to San Jose by Mrs. M. R. Maze, and that on the way Mrs. Fassett told Mrs. Maze to take her to a good hospital and to get her the best doctors and the best nurses available. That Mrs. Fassett herself made these arrangements at a time when her husband was not present. That the bills were made out to her personally, and that she paid bills by her own personal check amounting to $892.60.

She had a right to enter into a contract or contracts for the matters in question (sec. 158, Civ. Code), and having done so, and having paid and incurred obligations therefor in her own name, it cannot be said that the damages resulting from such obligations were consequential to her husband alone. He had not paid any of the bills referred to, nor had he incurred any obligation to pay them, and, therefore, he had no right to sue to recover them. Under these circumstances it cannot be said that it was error to admit the evidence in question.

Appellant also urges that it was error for the court to give certain instructions as follows:

"13.

"I instruct you that if you find from a preponderance of the evidence that plaintiffs are entitled to recover damages, that plaintiffs are entitled to recover such reasonable expense as they have necessarily paid out and incurred for physician's and nurses' services necessitated by the injuries which they received, not exceeding the amount alleged in the complaint."

"14.

"I instruct you that if you find from a preponderance of the evidence that plaintiffs are entitled to recover damages from the defendants, you may award to plaintiffs as damages, in addition to the necessary hospital, physician's and nursing services, necessitated by their injuries, such amounts as in your good sense and unbiased judgment will compensate them for the physical and mental pain which they have suffered, together with such physical and mental suffering as is reasonably certain to result therefrom in the future, not exceeding in all the sum of $25,000.00 in the case of Myra B. Fassett, and the sum of $10,000.00 in the case of Harry Fassett."

In view of our conclusion heretofore announced as to the right of Myra B. Fassett to recover such sums as she may have paid out or incurred for medical, nursing and hospital expenses, these instructions correctly stated the law.

The foregoing instructions were given by the court at the request of respondents. At appellant's request the court also gave the following instruction:

"20.

"If you find a verdict in favor of the plaintiff Myra B. Fassett in this case in assessing damages, if any, no allowance for hospital, nurses, X-rays, drugs, doctors, dentists, wearing apparel, court costs or attorneys' fees can be included in your computation."

Because of the claimed conflict between this instruction and the two previously referred to, appellant claims that the judgment should be reversed. But the conflict is only an apparent and not a real one. The first two instructions were general and applied to both cases, while the third referred particularly to the case of Myra B. Fassett. In

the view we have expressed concerning the right of Myra B. Fassett to recover for the bills in question, the third instruction was far more favorable to appellant than he was entitled to, and he cannot be heard to complain of it or of any conflict, apparent or real, created by it, especially since it was given at his request.

Appellant also claims that the verdict is excessive, but predicates this objection solely on the ground that the jury may have included the amount of the medical, nursing and hospital bills in the sum awarded to Mrs. Fassett. There is nothing in the record to show whether the jury did or did not include these bills in the amount of the verdict. It would seem at first blush that where the verdict was for an even amount, as it was here, to wit, $9,000, and the bills in question amounted, as heretofore stated, to the sum of $892.60, that the verdict was for general damages only. If this be true, the amount is certainly not excessive, in view of the very serious and permanent injuries sustained by Mrs. Fassett, and the effect they have had upon her, as disclosed by the evidence.

We do not find any reversible error in the case of Myra B. Fassett, and the judgment in her favor should be affirmed.

In the companion case of Harry Fassett, the only ground for reversal urged by appellant is that the evidence as to damages was insufficient to justify the verdict.

It appears from the record that Mr. Fassett's chest was hurt at the time of the collision, and that he was shaken up, and bruised and hurt about his right foot, both knees, and his left arm and shoulder. Apparently no bones were broken, and it is a fact that he had no medical attention for some three weeks after the accident, and that he was then treated by Dr. Buckingham. Mr. Fassett testified that he suffered pain and discomfort in his chest immediately after the accident, and that at the suggestion of his wife he asked Dr. Buckingham to examine him, which the doctor did, and thereupon strapped Mr. Fassett's chest with a broad band of adhesive tape. That after this adhesive tape was taken off he caught cold, and later pleurisy developed, followed by bronchitis and bronchial pneumonia. Dr. Buckingham died a few days prior to the trial of the case, and respondent was thus deprived of the testimony of his attending physician. He was examined prior to the trial,

however, by Dr. Thomas V. Moore, who testified that he found a thickening of the pleura on the right side, which under all the circumstances could be of traumatic origin, and that such condition would affect Mr. Fassett's health and cause him pain as long as he lived. There was testimony also from Mr. Antone Connich, the employer of Mr. Fassett, to the effect that since the accident the latter had slowed up in his work, and was not as efficient an employee as he had been prior thereto.

Mr. Fassett's medical bill was $118.50, indicating that at least some considerable care was given to him by his physician, and it cannot be said, in view of the record, that the verdict of the jury in his favor for the sum of $1800 is excessive.

█ It has been stated repeatedly in the decisions in this state that verdicts of juries are rarely interfered with on the ground that they are excessive, and only when the verdicts are so grossly excessive as to suggest at first blush, passion, prejudice or corruption on the part of the jury. (*Driscoll* v. *California Street R. R. Co.*, 80 Cal. App. 208, 221 [250 Pac. 1062] ; *Anstead* v. *Pacific Gas & Elec. Co.*, 203 Cal. 634, 635 [265 Pac. 486].)

The amounts of the verdicts in each of the two cases under consideration are very reasonable rather than excessive when viewed in the light of the testimony as to the injuries to the respondents. No question has been raised as to the negligence, and indeed none could very well be raised in view of the statement which appellant made in the presence of respondents immediately after the accident to the effect that he must have been asleep. The case was fairly tried and appellant's rights were not in any way taken from him.

The judgments appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 23, 1930.