[Civ. No. 10781. First Appellate District, Division One.—August 25, 1939.]

HAZEL PURCELL, Respondent, v. GARRETT M. GOLD-BERG et al., Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellants.

O'Brien, Dibert & Acton and Lillian M. Wollitz for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover damages for personal injuries sustained when her automobile was struck and overturned by one owned by the defendant Goldberg and driven with his consent by the defendant Caler. The action was tried before a jury, and a verdict rendered in plaintiff's favor and against both defendants for $2,840.50.

Judgment was entered accordingly, from which defendants appeal.

The accident happened about 9 o'clock at night on a wide curve on Market Street extension in the vicinity of Twin Peaks in San Francisco. The highway in that locality is built on a grade, and divided by a white line into two traffic lanes. Caler, accompanied by a young lady companion, was ascending the grade, traveling up the inner lane at a speed of about thirty-five miles an hour, and following closely behind another car. As he was about to round the curve and when approximately ten feet distant from respondent, who was descending the grade traveling down the outer lane at a lawful speed, he suddenly shot from behind the car he was following, headed across the highway, and struck the tire on the left rear wheel of respondent's car, causing it to overturn three times. Meanwhile Caler's car continued on and across the highway and crashed into an electric light transmission pole, breaking the pole. The doctor at the emergency hospital to which the injured parties were taken immediately following the accident testified that Caler's breath was more or less alcoholic; but Caler claimed at the trial that it was the result of having eaten three brandied peaches with his dinner.

The first point urged in support of the appeal is that the accident was unavoidable. The contention made in this behalf is based on Caler's uncorroborated testimony that while rounding the curve he attempted to flick the ashes from the cigarette he was smoking, out of the partly opened window on his side of the car; that the ashes blew back into his eyes, temporarily blinding him and causing him to lose control of his car; and that he was not aware of the fact that he had collided with anyone until after he had crashed into the electric light pole. Manifestly, however, the question of the truth of the explanation so offered by him for having driven out of line and across the highway at that particular point was one exclusively for the determination of the jury. In other words, the issue of unavoidable accident raised by his testimony was submitted to the jury by appellants under appropriate instructions proposed by them, and the jury as sole judge of the evidence, the credibility of the witnesses and the weight to be given to their testimony, found adversely on that issue; and in view of all the existing conditions shown

by the evidence it may well have concluded that it was a case of reckless attempt to pass another car traveling in the same direction, on a curve. In any event, the jury's implied adverse finding on the issue of unavoidable accident is necessarily final and conclusive on appeal.

In establishing Caler's condition at the time of the accident it was disclosed incidentally that his companion (who was not called as a witness) had not dined with him that evening, but that she too had an alcoholic breath; and appellants assign the admission of the testimony as error. It is quite evident, however, that in deciding the issue of unavoidable accident Caler's veracity as a witness as well as the extent of his alcoholic condition at the time he collided with respondent became of vital importance; and as declared by subdivision 3 of section 2061 of the Code of Civil Procedure, " . . . a witness false in one part of his testimony is to be distrusted in others". It would seem, therefore, as respondent contends, that the facts revealed by the disputed testimony related to matters the jury was entitled to weigh in determining whether, contrary to the story told by Caler, his alcoholic breath was caused by something stronger than three brandied peaches. In any event, and regardless of the purpose for which the testimony was offered, it is doubtless the law that in an action such as this, to recover damages based on alleged negligence, a plaintiff is allowed to prove and the jury should consider all of the circumstances present at the time of the happening of the accident (*Craig* v. *Boyes,* 123 Cal. App. 592 [11 Pac. (2d) 673]), which here would include the condition of both occupants of the car that caused it.

Appellants next complain of the giving and refusal to give numerous instructions; but we find nothing in the points so made which calls for reversal. The first two instructions challenged used the words "proximately contributed" instead of "proximately caused". It appears, however, that the term "proximate cause" was clearly defined in other instructions and the jury fully advised as to the law relating thereto; consequently no error is shown. (*Miner* v. *Dabney-Johnson Oil Corp.,* 219 Cal. 580 [28 Pac. (2d) 23].) Objection is made also to two instructions upon the ground that they were "formula" in character and omitted any reference to the defense of contributory negligence. We are satisfied that the omission complained of was not prejudicial.

As held in substance in *Brower* v. *Arnstein,* 126 Cal. App. 291
[14 Pac. (2d) 863], in a situation quite similar to the one
here presented, where said so-called formula instructions,
when separated from each other and from the general charge,
omit some elements involved in the case, but the very method
of the giving thereof indicates plainly that they were never
intended and do not purport to state all of the several ele-
ments involved in the case as such in detail, but instead those
omitted are made the subject of separate, specific instructions,
the giving of such so-called formula instructions does not con-
stitute prejudicial error. And in the present case, as will be
seen from reading the entire charge of the court, the two in-
structions complained of were never intended as formula
instructions. Each related to a single, distinct element; and
neither purported to embody all of the necessary elements
involved in the case. The subject of contributory negligence
was specifically treated in other instructions, wherein the law
relating thereto was completely and correctly stated; there-
fore it does not appear possible that the jury could have been
misled by the two criticized. (*Douglas* v. *Southern Pac. Co.,*
203 Cal. 390 [264 Pac. 237].) ■ Moreover, appellants
failed to prove any substantial facts which would justify an
inference of contributory negligence; and that being so, there
can be no foundation for the claim of prejudicial error with
respect to instructions bearing upon that subject. ■ Nor
was there any error committed in giving the instruction re-
garding the application of the brakes of Caler's car, or the
refusal to give those relating to statutory speed, because
neither of those factors was made a material issue in the case.
In any event, in view of the admitted fact that Caler lost
control of his car and crashed into respondent's car on the
other side of the highway, and the jury's apparent rejection
of the explanation offered by him for his actions, it would
seem obvious that none of the assignments of error regarding
any of the instructions become important and in no event
constitute ground for reversal.

■ The next point urged relates to the question of spe-
cial damages. In this regard the record shows that at the
opening of respondent's direct examination it was brought out
that she was a public school teacher, married, and living with
her husband; but the fact that she was a married woman
was nowhere stated in the complaint; nor did she join her

husband as party plaintiff. It further appears that the jury's award included special damages, among the items alleged, proved and recovered being physicians' and surgeons' fees, expenses of a housekeeper, and loss of earnings. Appellants contend, therefore, that under the circumstances the allowance of those items and the admission of the testimony and the giving of instructions pertaining thereto constituted error, the basis of their contention being that said items represented consequential damages to the community, which could be recovered only in an action in which the husband joined as plaintiff, or one brought by him alone. Such is not the present law. Section 370 of the Code of Civil Procedure as amended in 1921 declares in plain terms that ''A married woman . . . may sue without her husband being joined as a party *in all actions, including those for injury to her person* . . . '' (Italics ours.) Necessarily, therefore, the damages a married woman may recover in such an action include consequential as well as direct; and it was definitely so held in *Fassett* v. *Nascimiento,* 108 Cal. App. 14 [291 Pac. 269], wherein the factual situation was practically the same as the one here presented. The cases cited and relied on by appellants, including *Meier* v. *Wagner,* 27 Cal. App. 579 [150 Pac. 797], are not in point for the reason that they were based upon the law as it stood prior to the 1921 amendment to said section 370. ▪ Nor was respondent precluded as a matter of law from recovering the amount of the medical fee incurred for the services of Dr. Winternitz merely because she belonged to an association with which he was connected, and which provided in its contract with its members that as such they were liable for the medical services only in case they recovered damages. (*Reichle* v. *Hazie,* 22 Cal. App. (2d) 543 [71 Pac. (2d) 849].)

The amount of general damages awarded by the jury was fixed apparently in the sum of $2,000; and appellants' final contention is that the sum allowed is excessive. ▪ It is well settled, however, that this is a question that is committed largely to the discretion of the trial court and that its determination thereof may not be set aside on appeal unless it appears that the award is so disproportionate to the injuries received as to indicate that the award was the result of passion, prejudice or corruption of the jury. (*Formosa* v. *Yellow Cab Co.,* 31 Cal. App. (2d) 77 [87 Pac. (2d) 716].)

■ Here the evidence shows that prior to the accident respondent enjoyed reasonably good health, and that as the result of her car being overturned three times while she was in it she was badly bruised and sustained a severe nervous shock. She was able to leave the emergency hospital on the night of the accident without surgical treatment, but the evidence shows that thereafter she was confined to her home under the doctor's care for three weeks; that she suffered severe pains in the back of the neck and head, and was affected with nausea; and that on account of "blinding headaches" and nervous shock she was compelled to continue medical treatment for some time after being allowed to leave home. In describing her condition at the time of trial, one of the medical witnesses stated that she was then suffering from neurosis, a condition in which the nervous system shows a low reserve; that she was unable to "pack the load" as formerly, and that spontaneously with every physical effort she immediately develops "symptoms of nervousness, irritability, and fatigability"; and that in his opinion such condition would continue for an indefinite period. In view of the foregoing facts and under the established rules limiting the powers of the reviewing court in dealing with the matter of damages, there is no legal ground upon which it may be held that the sum awarded is as a matter of law so excessive as to warrant interference on appeal.

The judgment is therefore affirmed.

Ward, J., and Peters, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 23, 1939.