[Civ. No. 11827.   Second Appellate District, Division One.—October 11, 1939.]

LENNA E. SIMMONS, Respondent, v. BENJAMIN W. LAMB et al., Appellants.

Joseph A. Ball and Fred O. Reed for Appellants.

Russell H. Pray for Respondent.

YORK, P. J.—In a dense fog around 10 o'clock on the evening of November 6, 1936, the respondent, who was driving her own car containing three other persons, collided with the rear end of a truck and trailer belonging to appellant transfer company. At the time of the collision the truck was loaded with oil pipe and was standing on the highway; both vehicles were headed in a northerly direction on Avalon Boulevard in the county of Los Angeles. As result of the accident, respondent sustained severe injuries, to wit: A long jagged cut in her throat below the chin and fractures of the fifth, sixth and seventh ribs below the left breast and above the waistline. Upon trial of the cause, the jury rendered its verdict in favor of appellants, whereupon respondent made a motion for a new trial, which motion was granted "on grounds of errors in law". From the order which was thereafter entered, appellants prosecute this appeal, claiming that the transcript discloses no errors in law justifying the said order granting a new trial; and urge that "three instructions were given to which respondent's counsel addressed his attack on the motion for new trial, and as no other 'errors in law' appear in the record, it must be assumed that the trial judge based his order upon these instructions", to wit, appellants' numbers 8, 31 and 32.

The evidence produced by respondent at the trial of this cause reveals that said respondent, a nurse, aged 40 years, left her home on the day of the accident, accompanied by her daughter, to go to the San Pedro dock to meet M. D. Burroughs and his shipmate, Mike Donovan, both sailors attached to the tugboat Sonoma; that respondent had known Burroughs since he was 7 or 8 years of age and had known Donovan for six or seven years; that she met the boys around 7 o'clock in the evening, after which driving her Chevrolet car she made two calls on patients of hers in Wilmington, and then proceeded north on Avalon Boulevard on her way to her home in North Long Beach; that Burroughs was sitting to her right on the front seat of the auto-

mobile; that her daughter was sitting directly behind her on the rear seat with Donovan seated to the right of the daughter; that around 10 or 10:30 o'clock in a dense fog she collided with the allegedly unlighted truck and trailer of appellants which was standing on the boulevard headed north, loaded with oil pipe which extended approximately five to eight feet to the rear of the trailer; that respondent's throat was cut from ear to ear below the chin, and she also received fractures of her fifth, sixth and seventh ribs below the left breast and above the waistline, about the point where the lower part of the steering wheel of the car would touch her body; that after the accident respondent's daughter was found in the front seat suffering from a severe laceration of the scalp above the hairline; that after the accident blood and pieces of flesh and hair were found in the jagged pieces of glass on the edge of a large hole in the right side of the windshield of respondent's automobile, and another small hole was made in the windshield in front of the driver's seat on the left side of the car.

There was a conflict in the evidence as to just where on the highway the truck and trailer was standing at the time of the collision. Respondent contended that it was parked without lights in the center of the paved portion of the highway, while the appellants offered testimony tending to prove that the marks of dual tires were on the soft shoulder, south of the impact and continued far up the highway; that the right headlight of the Chevrolet was found on the east edge of the pavement; that there was broken glass from the headlight and windshield of the Chevrolet scattered on the east side of the pavement and on the soft shoulder; that there were blood spots on the soft shoulder and respondent's teeth were found there, also. Appellants offered evidence that both Burroughs and Donovan were intoxicated and that a broken whiskey bottle was found in the Chevrolet, and also that all the lights on the truck and trailer were lighted.

The major issue in the case was whether respondent or Burroughs was driving the Chevrolet at the time of the accident, it being contended by appellants that Burroughs was the driver and that he was intoxicated; and the second contested issue was the location of the truck on the highway.

Appellants here urge that the jury was not misdirected in the law so as to materially prejudice the rights of the respondent, especially calling attention to the three instructions which respondent attacked in her argument for a new trial and upon which it is apparently conceded the trial court based its order granting the new trial, to wit:

"Defendants' Instruction #8. You are not to base your decision in this matter, or on any issue thereof, upon guesswork, and if, after a consideration of all the facts in this case, it is a matter of conjecture or guesswork on your part as to whether or not the defendants were negligent in any manner, then plaintiff is not entitled to recover from the defendants, or if, after a consideration of the whole case, you find that the evidence is evenly balanced as to the defendants, or that it preponderates in their favor, or that it convinces you that the plaintiff, Lenna Simmons, was negligent, then plaintiff cannot recover, and your verdict will be in favor of the defendants.

"Defendants' Instruction #31. You are instructed that it would be a violation of your duty as jurors to discuss the nature and extent of plaintiff's injuries, if any, until you shall have first determined the question of whether or not the defendant is liable. The question of liability should first be determined by you before it would be proper for you in any wise to discuss the nature and extent of the plaintiff's injuries, if any, because unless the defendant is liable, the nature and extent of the plaintiff's injuries, if any, shall not enter into your deliberations. The fact that I have instructed, or may instruct you, upon the rules governing the measure of damages is not in any wise to be taken as an admission or indication upon my part that I believe or do not believe that the plaintiff, Lenna Simmons, is entitled to recover damages, for you are the sole judges of the facts. Such instructions are given you solely to guide you in arriving at the amount of your verdict only in case you find, from a preponderance of the evidence that the plaintiff, Lenna Simmons, is entitled to recover. If, from the evidence and the instructions I give you, you find that the plaintiff, Lenna Simmons, should not recover, then you are to disregard entirely the instructions which I gave you governing the measure of damages and you should not consider the nature and extent of the plaintiff's injuries, if any, at all.

"Defendants' Instruction #32. If you find that some other person than Mrs. Lenna Simmons was driving her automobile with her permission and in her presence, such person is presumed to be her agent, and she is required to use such care as is reasonably necessary to prevent the driver from negligent acts which may endanger another.

"Under such circumstances, the negligence, if any, of the driver would be imputed to Lenna Simmons, and if such negligence, if any, of the driver contributed proximately in the slightest degree to the accident and the injuries, if any, suffered by Lenna Simmons, then your verdict must be for the defendants upon the complaint."

■ It is well settled that the granting or refusing to grant a new trial rests very largely in the discretion of the trial court, and its action will not be disturbed in the absence of a showing of manifest and unmistakable abuse of discretion. (*Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal. (2d) 538, 544 [76 Pac. (2d) 104]; citing *Sheets* v. *Southern Pac. Co.*, 212 Cal. 509, 516 [299 Pac. 71]; *Thompson* v. *California Const. Co.*, 148 Cal. 35 [82 Pac. 367]; *Manufacturers' Finance Corp.* v. *Pacific Wholesale Radio, Inc.*, 130 Cal. App. 239 [19 Pac. (2d) 1013]; *Babcock* v. *Pacific Gas & Elec. Co.*, 120 Cal. App. 218 [7 Pac.. (2d) 736]; *Stoneburner* v. *Richfield Oil Co.*, 118 Cal. App. 449 [5 Pac. (2d) 436].) See, also, *Pope* v. *Wenisch*, 109 Cal. App. 608, 611 [293 Pac. 622]; *Harveld* v. *Milani*, 1 Cal. App. (2d) 157, 160 [36 Pac. (2d) 393]; *Pozzobon* v. *O'Donnell*, 1 Cal. App. (2d) 151, 156 [36 Pac. (2d) 236].

■ Although in some cases instruction numbered 31, as above quoted, would be proper, nevertheless, in the circumstances here presented, it was prejudicial error to instruct the jury not to consider the nature and extent of respondent's injuries until they had determined the question of liability therefor. Before the jury could decide whether respondent or appellants were responsible for the collision, it was necessary to determine whether respondent or her companion Burroughs was driving the Chevrolet, and in order to do that, it was necessary for the jurors to consider the nature and extent of respondent's injuries. There was direct evidence that respondent was driving her own car. Appellants argue that respondent was not driving the Chevrolet because her throat was cut and because after the acci-

dent flesh, blood and hair were found on the broken windshield on the right side of respondent's car just about in front of the place where a passenger would be sitting. However, it was shown that respondent had three ribs fractured on her left side at about the point where the lower part of the steering wheel of the car would touch her body if she were sitting in the driver's seat. She testified that she was not cut by glass, her theory being that the oil pipe extending from the rear of the truck pierced the windshield in front of the driver's seat and cut her throat. It was also shown that there was dirt in the cut in her throat, which was entirely below her hairline; that her daughter, who had been sitting in the back seat of the automobile, was thrown into the front seat by the impact and that she received a laceration of the scalp above her hairline.

It was therefore necessary for the jury to consider all of this evidence with reference to respondent's injuries in order to determine whether or not she was driving her car at the time of the collision. To say the least, it was circumstantial evidence of some value.

The instruction as given, to wit: " . . . it would be a violation of your duty as jurors to discuss the nature and extent of plaintiff's injuries, if any, until you shall have first determined the question of whether or not the defendant is liable", withdrew from the consideration of the jury certain facts which they should have had before them when they fixed the liability for the accident. In order to properly determine such liability, it was incumbent upon them to decide who was driving respondent's car when the impact occurred.

Instruction numbered 8, as given to the jury, erroneously omitted the element of proximate cause, in that it advised the jury that respondent could not recover if she were negligent in any way, without requiring that such negligence must have proximately contributed to the accident which caused her injuries.

It is conclusive that there was no abuse of discretion on the part of the trial court in granting the motion for a new trial.

The order appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 6, 1939.