[L. A. No. 20433.     In Bank.     May 4, 1948.]

ELIZABETH  SEBRELL, Appellant, v. LOS  ANGELES
RAILWAY CORPORATION (a Corporation), Respondent.

Forrest A. Betts for Appellant.

Gibson, Dunn & Crutcher and Sherman Welpton, Jr., for Respondent.

TRAYNOR, J.—Plaintiff appeals from a judgment entered on a jury verdict for defendant in an action for damages for injuries to person and property sustained in a collision between her automobile and a streetcar owned by defendant. Plaintiff's automobile, proceeding south on New Hampshire Avenue in Los Angeles, and defendant's streetcar, proceeding west on Sixth Street, collided at the intersection. A boulevard stop sign on the northwest corner of the intersection of the two streets requires southbound vehicles on New Hampshire Avenue to stop before crossing Sixth Street. There are no stop signs on Sixth Street requiring vehicles approaching New Hampshire Avenue to stop. Plaintiff testified that she made the required stop and carefully looked to her right and left; that the intersection is a blind intersection; that she did not see the streetcar or any "moving traffic" on Sixth Street; and that she remembers "nothing at all" from the time she brought her automobile to a stop until after the collision, since injuries from the collision deprived her of any memory of the events related to the accident. The streetcar operator testified that he could not see north on New Hampshire Avenue until he was within a distance of a few feet from the intersection; that when he was 10 or 15 feet from the east curb line of New Hampshire Avenue, he first saw plaintiff's automobile traveling at a speed of 25 to 30 miles per hour; that plaintiff crossed the white line on New Hampshire Avenue, at which southbound vehicles were required to stop, and never applied the brakes; that he applied the emergency brake as quickly as he could; that the front of the streetcar collided with the door of the automobile on the side where plaintiff was sitting; that plaintiff did not vary her speed after he first saw her or "look up" before the streetcar struck the automobile; that he rang the bell intermittently while he was proceeding on Sixth Street, and that "I am pretty sure I rang it as fast as I could ring it when I seen danger." Other witnesses testified that they heard the streetcar bell ringing before the accident occurred. One of the streetcar passengers testified that as it approached the scene of the accident the streetcar proceeded at a speed of approximately 20 miles per hour; that she first saw plaintiff's automobile when it was approximately 10 feet

north of the boulevard stop sign; that it looked "like it would come through the stop sign and strike" her; that the automobile did not stop before entering the intersection; that she felt the streetcar slow down a little when the brakes were applied.

Plaintiff does not contend that the verdict was not supported by the evidence. The sole issue on appeal is raised by her contention that the trial court committed prejudicial error in instructing the jury. The jury was instructed: "I instruct you that it would be a violation of your duty as jurors to consider the question of injuries or damages, if any, prior to determining the issue of liability or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability. The first question for you to decide is whether or not the plaintiff is entitled to recover in this action against the defendant. If you find from the evidence that plaintiff is not entitled to recover, then it is your duty to immediately return the verdict in favor of said defendant." The jury was also instructed: "It is the testimony of plaintiff in this case that she does not recollect any event related to the accident, and that her last recollection is that of having brought her automobile to a stop with the front end of it approximately even with the boulevard stop sign which is located at the northwest corner of the intersection. A person who has been so grievously injured in an accident as to be deprived of her memory is entitled to the presumption that she exercised reasonable care for her own protection. . . ."

Plaintiff contends that the first instruction withheld from the jury the right to consider plaintiff's injuries in determining the issue of liability, and therefore conflicted with the instruction that the jury consider whether as a result of her injuries plaintiff had been deprived of her memory and was thus entitled to the presumption that she exercised reasonable care for her own protection. The latter instruction directed the jury to consider plaintiff's injuries in determining liability for the question whether her injuries resulted in a loss of memory entitling her to the presumption was a material issue concerning liability. Plaintiff contends that the conflict between the instructions substantially affected her right to the presumption that she exercised reasonable care for her own protection. She relies on *Simmons* v. *Lamb*, 35 Cal.App.2d 109 [94 P.2d 814], in which the jury was instructed "that

it would be a violation of your duty as jurors to discuss the nature and extent of plaintiff's injuries, if any, until you shall have first determined the question of whether or not the defendant is liable. The question of liability should first be determined by you before it would be proper for you in any wise to discuss the nature and extent of the plaintiff's injuries, if any, because unless the defendant is liable, the nature and extent of the plaintiff's injuries, if any, shall not enter into your deliberations." In that case it was important for the determination of the issue of liability whether the plaintiff or her allegedly intoxicated companion was driving the plaintiff's automobile when it collided with the defendants' truck. As to that question the defendants relied on the fact that flesh, blood, and hair, which according to the nature of the injuries of the plaintiff were likely to be hers, were found on the broken windshield in front of the place where a passenger would be sitting. The District Court of Appeal held that, although in some cases the instruction as given would be proper, "[N]evertheless, in the circumstances here presented, it was prejudicial error to instruct the jury not to consider the nature and extent of respondent's injuries until they had determined the question of liability therefor. Before the jury could decide whether respondent or appellants were responsible for the collision, it was necessary to determine whether respondent or her companion . . . was driving the Chevrolet, and in order to do that, it was necessary for the jurors to consider the nature and extent of respondent's injuries." (35 Cal.App.2d 113.)

In the present case the jury was not instructed as it was in *Simmons* v. *Lamb, supra,* that the issue of liability should first be determined "before it would be proper for you in any wise to discuss the nature and extent of the plaintiff's injuries," or that "unless the defendant is liable, the nature and extent of the plaintiff's injuries, if any, shall not enter into your deliberations." The jury was instructed that they should not "consider the *question of injuries or damages,* if any, prior to determining the issue of liability, or to allow the *question of injuries or damages,* if any, to affect your judgment in any way in determining the issue of liability." (Italics added.) This instruction in effect advised the jury that they should not assume that defendant was negligent and pass immediately to a discussion of the question of damages and that they should not be swayed by sympathy or sentiment

because of the injuries in determining the issue of liability. The instruction could reasonably be understood as requiring the jury merely to separate in its deliberations the *question* of injuries and damages from the *question* of liability. Such separation of the two distinct issues in the deliberations of the jury could be observed even though the jury would have to consider plaintiff's injuries in determining whether she suffered a loss of memory entitling her to the presumption. If the two instructions are read together, it is clear the jury could not reasonably doubt that it could consider plaintiff's injuries in determining whether plaintiff suffered the loss of memory on which her right to the presumption depended.

In the Simmons case the instruction withholding from the jury consideration of plaintiff's injuries in determining the issue of liability stood alone; it was not supplemented by an instruction requiring the jury to consider the injuries sustained by plaintiff in determining whether the plaintiff or her companion was driving the plaintiff's automobile when the collision occurred. Thus, the jury was precluded from considering the injuries of the plaintiff even for the purpose of determining who was driving the plaintiff's automobile at the time of the accident. In that case there was therefore no problem as to conflicting instructions, whereas in the present case the question is whether there is such a conflict between the two instructions in question that the jury could reasonably doubt that it was entitled to follow the instruction requiring it to consider plaintiff's injuries in determining whether she suffered a loss of memory.

Instructions that are contradictory in essential elements may warrant the reversal of a judgment on the ground that it cannot be ascertained which instruction was followed by the jury. (*Chidester* v. *Consolidated People's Ditch Co.*, 53 Cal. 56, 58; *Starr* v. *Los Angeles Railway Co.*, 187 Cal. 270, 280 [201 P. 599]; *Soda* v. *Marriot*, 118 Cal.App. 635, 643 [5 P.2d 675].) In determining whether there is such a conflict the decisive question is whether the instructions read as a whole and in the light of the circumstances of the case in which they were given, are apt to confuse a person of ordinary intelligence. It is common knowledge that instructions, like statutes, may include in addition to a general rule a special rule applicable only in particular circumstances and that the special rule qualifies the general. (See, Civ. Code, § 3534; Code Civ. Proc., § 1859; *Fasset* v. *Nascimiento*,

108 Cal.App. 14, 19 [291 P. 269].) In the present case the instruction relating to the presumption required the jury to consider a particular consequence of plaintiff's injuries for the purpose specified in the instruction. No explicit statement was necessary to make a person of ordinary intelligence understand that a consideration of plaintiff's injuries in conformity with this instruction would not violate the general instruction that the jury determine the question of liability before it considered the question of injuries or damages.

The judgment is affirmed and the appeal from the order denying a new trial is dismissed.

Edmonds, J., Schauer, J., and Spence, J., concurred.

GIBSON, C. J.—I concur in the judgment. Although in my opinion the instructions could have more clearly stated the principles of law involved, it does not appear that there has been a miscarriage of justice in this case.

Shenk, J., concurred.

CARTER, J.—I dissent.

By a process of finespun legalistic reasoning the majority has arrived at the conclusion that there is no conflict in the instructions which, in effect, tell the jury that it *must* or *must not* consider certain evidence. No amount of verbiage, however artistically arranged, can erase this conflict. It is so apparent ''that he may run that readeth it.''

The majority opinion does not set forth the criticized instructions in the order in which they appear in the transcript. It places the instructions in reverse order without comment as to the order in which they were read to the jury or the space of time which elapsed between the reading of the two instructions. The record discloses that the instructions given by the court to the jury covered 36 pages of the transcript. They commence at page 201 and end on page 237. Plaintiff's instruction No. 51 appears at page 205 and is as follows: ''It is the testimony of the plaintiff in this case that she does not recollect any event related to the accident, and that her last recollection is that of having brought her automobile to a stop with the front end of it approximately even with the boulevard stop sign, which is located at the northwest corner of the intersection. A person who has been so griev-

ously injured in an accident as to be deprived of her memory is entitled to the presumption that she exercised reasonable care for her own protection. This is a rebuttable presumption, but is one to which the plaintiff is entitled to have you give consideration at all points in the case, and even unto the deliberation in the jury room." The instruction which is said to conflict with the foregoing instruction is defendant's instruction No. XI and it appears in the transcript at page 231. It is as follows: "I instruct you that it would be a violation of your duty as jurors to consider the question of injuries or damages, if any, prior to determining the issue of liability or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability. The first question for you to decide is whether or not the plaintiff is entitled to recover in this action against the defendant. If you find from the evidence that plaintiff is not entitled to recover, then it is your duty to immediately return a verdict in favor of said defendant."

So it appears from the record that after reading to the jury plaintiff's instruction No. 51 above quoted, the court read some 26 pages of other instructions before coming to defendant's instruction No. XI. After reading six more pages of instructions, the case was submitted to the jury. To those who have had experience in the trial of jury cases the foregoing procedure is a matter of considerable significance. Even a trained legal mind cannot retain the phraseology contained in plaintiff's instruction No. 51 while listening to some 26 pages of other instructions and differentiate its phraseology from that contained in defendant's instruction No. XI. Even if the two instructions had been read in consecutive order, they would have been confusing and misleading. But when we consider the fact that defendant's instruction No. XI was read to the jury near the end of the charge, and after 26 pages of other instructions had been read since the reading of plaintiff's instruction No. 51, it presents a picture, which any one familiar with the modus operandi of a jury trial would say, was very unfavorable to plaintiff's case.

Without giving any consideration to the foregoing factual situation, the majority opinion states: "The jury was instructed that they should not 'consider the *question of injuries or damages,* if any, prior to determining the issue of liability or to allow the *question of injuries or damages,* if any, to

affect your judgment in any way in determining the issue of liability.' (Italics added.) This instruction in effect advised the jury that they should not assume that defendant was negligent and pass immediately to a discussion of the question of damages and *that they should not be swayed by sympathy or sentiment because of the injuries in determining the issue of liability.* The instruction could reasonably be understood as requiring the jury merely to separate in its deliberations the *question* of injuries and damages from the *question* of liability. *Such separation of the two distinct issues in the deliberations of the jury could be observed even though the jury would have to consider plaintiff's injuries in determining whether she suffered a loss of memory entitling her to the presumption.* If the two instructions are read together, it is clear the jury could not reasonably doubt that it could consider plaintiff's injuries in determining whether plaintiff suffered the loss of memory on which her right to the presumption depended." [Emphasis added.] The absurdity of the reasoning in the majority opinion stands out boldly when it is observed that the author found it necessary to emphasize the finespun distinction between the phrases "*question* of injuries and damages" and "*issue* of liability."

One who has had experience in the trial forum knows that the only opportunity the juror has to consider an instruction is when he listens to it as it is read to the jury by the trial judge. Even without such experience or unusual imaginative powers, ordinary common sense should dictate that the reasoning in the above-quoted excerpt is so highly fallacious and unsound that it amounts to an utter absurdity. Furthermore, the premise for such reasoning is false. There is not the slightest intimation in the instruction in question to the effect "that [the jury] should not be swayed by sympathy or sentiment because of the injuries in determining the issue of liability." This statement in the majority opinion is without foundation in fact and is indicative of the absurd lengths to which the majority is willing to go in order to find support for its unsound and illogical conclusion. The opinion then states that: "The instruction could reasonably be understood as requiring the jury *merely to separate in its deliberations the question of injuries and damages from the question of liability.*" [Emphasis added.] Any one who has had experience in the trial of jury cases knows that the suggested requirement is far beyond the capacity of the average juror

even in cases where the instructions are clear and explicit and beyond the realm of conflict. From the discussion in the majority opinion on this proposition it is obvious that no consideration has been given to the practical aspects of a jury trial. The majority opinion further states: ''Such separation of the two distinct issues in the deliberations of the jury could be observed even though the jury would have to consider plaintiff's injuries in determining whether she suffered a loss of memory entitling her to the presumption.'' The majority opinion makes this statement notwithstanding the clear, positive and explicit statement in the instruction that: ''*I instruct you that it would be a violation of your duty as jurors to consider the question of injuries or damages, if any, prior to determining the issue of liability or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability.*'' [Emphasis added.] I do not believe that it is possible on any basis of reason or common sense to reconcile the portion of the instruction just quoted with the last quoted statement in the majority opinion. To say that the jury would not be misled by such an instruction in a case of this character is, in my opinion, altogether too much to expect of the average juror. I believe, however, that the average juror is a person of ordinary intelligence, and, in my opinion, a person of ordinary intelligence would understand from these instructions that he should not consider the nature or extent of the injuries suffered by plaintiff until he determined that defendant was liable for such injuries. In other words, he could not consider the effect of plaintiff's injuries in determining whether defendant was guilty of negligence which was the proximate cause of the accident, or whether plaintiff was guilty of contributory negligence which proximately contributed thereto. Therefore, he could not consider plaintiff's injuries as causing unconsciousness or lack of memory which would entitle her to the presumption that she exercised ordinary care for her own protection until he had determined, independent of the presumption, that defendant was guilty of negligence and that plaintiff was not. Of course, this view of the instructions would deprive plaintiff of the benefit of the presumption that she exercised ordinary care.

It should be remembered that defendant's instruction No. XI was read to the jury long after the reading of plaintiff's instruction No. 51, and just before the case was submitted

to the jury. By such procedure the last command of the trial judge was that the jury must not ''consider the question of injuries or damages, if any, prior to determining the issue of liability or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability.'' With this command in their ears as they retired to deliberate, it is not probable that the members of the jury gave any consideration to plaintiff's instruction No. 51 which advised them that they could consider plaintiff's injuries in determining whether she exercised reasonable care for her own protection. Without giving plaintiff the benefit of this presumption, the jury may well have concluded that she and not the defendant was guilty of the negligence which was the proximate cause of the accident. All this the majority has failed to consider. It contents itself with groundless, theoretical assumptions which are wholly lacking in reality or practical considerations in the technique of jury trials.

The appeal of this case was first heard and determined by the District Court of Appeal, Second Appellate District, Division Three, and a decision was rendered therein reversing the judgment upon the sole ground that the above-mentioned instructions were so conflicting that they constituted prejudicial error. The opinion of the District Court of Appeal was prepared by Mr. Justice Parker Wood and was concurred in by Acting Presiding Justice Clement L. Shinn and Justice pro tem. Clarence L. Kincaid. This opinion is so logical and well reasoned that I am constrained to adopt the following portion thereof, which discussed the problems here involved, as a part of this dissent:

''The court instructed the jury, at the request of defendant, 'that it would be a violation of your duty as jurors to consider the question of injuries or damages, if any, prior to determining the issue of liability or to allow the question of injuries or damages, if any, to affect your judgment in any way in determining the issue of liability.' Prior to giving that instruction, the court had instructed the jury, at the request of plaintiff, as follows: 'It is the testimony of the plaintiff in this case that she does not recollect any event related to the accident, and that her last recollection is that of having brought her automobile to a stop with the front end of it approximately even with the boulevard stop sign, which is located at the northwest corner of the intersection. A person who has been so grievously injured in an accident

as to be deprived of her memory is entitled to the presumption that she exercised reasonable care for her own protection. That is a rebuttable presumption, but is one to which the plaintiff is entitled to have you give consideration at all points in the case and even unto the deliberation in the jury room.' The evidence on behalf of plaintiff, under plaintiff's theory of the case that she was entitled to such presumption, was sufficient to justify the giving of the last-quoted instruction. The effect of that instruction was that if the jury found that plaintiff had been injured to the extent that she had been deprived of her memory she was entitled to the presumption that she exercised reasonable care. In other words, the jury was directed that it should consider plaintiff's injuries in order to determine whether the presumption should be applied in plaintiff's behalf. Such a presumption is a form of evidence, and, if applicable herein, it would, of course, be evidence on the question of liability. It therefore appears that the jury was instructed in effect to consider the injuries of plaintiff in determining the question of liability. As shown by the other instruction, first above quoted, the jury was instructed that it should not consider the question of plaintiff's injuries in any way in determining the issue of liability. Those two instructions were conflicting. According to plaintiff's theory of the case, namely, that by reason of her personal injuries she did not remember what happened after she made the boulevard stop, the question as to whether the facts were such that she was entitled to the presumption that she exercised reasonable care for her own protection was an important and material issue concerning liability. The conflict in those instructions pertained to a material matter, namely, as to whether the personal injuries of plaintiff should have been considered by the jury in determining the question of liability. It cannot be ascertained, of course, which instruction was followed by the jury. The giving of those instructions was prejudicially erroneous.

"In the case of *Simmons* v. *Lamb*, 35 Cal.App.2d 109 [94 P.2d 814], it was held to be prejudicial error to give an instruction that 'it would be a violation of your duty as jurors to discuss the nature and extent of plaintiff's injuries, if any, until you shall have first determined the question of whether or not the defendant is liable.' In that case material questions were: (1) whether the plaintiff or an alleged intoxicated person, who was also riding in the front seat, was driving plain-

tiff's automobile when it collided with defendants' parked truck, from which oil pipe extended about 8 feet beyond the rear thereof, and (2) where the truck was standing at the time of the collision. As a result of the accident therein the plaintiff's throat was cut from ear to ear, and there was a large hole in the right side of the windshield, and a small hole in the windshield in front of the driver's seat. Plaintiff therein testified that she was driving the automobile, but defendants argued that she was not driving 'because her throat was cut and because after the accident, flesh, blood and hair were found on the broken windshield' in front of the place where a passenger would be sitting. There was other evidence therein that three of plaintiff's left ribs were broken at a place where the lower part of the steering wheel would touch her body if she were driving the automobile, and she testified that she was not cut by glass—her theory being that the oil pipe pierced the windshield in front of the driver's seat and cut her throat. There was also evidence that plaintiff's daughter, who was riding in the rear seat, was thrown into the front seat and received a cut in her scalp above the hairline; and that there was blood on the shoulder of the highway. The court said therein at page 114: 'It was therefore necessary for the jury to consider all of this evidence with reference to respondent's injuries in order to determine whether or not she was driving her car at the time of the collision.' It was also said on that page: 'The instruction, as given, [referring to the instruction that the jury should not consider plaintiff's injuries] . . . withdrew from the consideration of the jury certain facts which they should have had before them when they fixed the liability for the accident.' In that case, as above stated, plaintiff's injuries were material upon the questions as to who was driving the automobile and where the truck was standing, and those questions, of course, were material in determining liability. In the present case, as above stated, plaintiff's injuries were material upon the question as to whether she suffered a loss of memory to the extent that she would be entitled to the presumption that she exercised reasonable care, which question, of course, was material in determining liability.

"Appellant [respondent] herein argues that the instruction in *Simmons* v. *Lamb, supra,* is distinguishable from the instruction herein, that the instruction herein states that the jurors should not consider 'the *question* of injuries or dam-

ages' in determining liability, whereas the instruction in the Simmons case states that they should not consider 'the nature and extent of plaintiff's injuries. Appellant [respondent] argues further that the instruction given herein, that the jurors should not consider the *question* of injuries or damages in determining liability, 'is far different from instructing the jury that they should not consider the injuries or damages in determining liability,' and that under the instruction given herein 'the jury would certainly be at liberty to give consideration to the injuries or damages in determining the *question* of liability.' The difference in meaning between the expression 'the *question* of injuries,' and 'the nature and extent of injuries,' is not significant.

"As to the matter of liability, the court instructed the jury, 'In determining how the accident happened . . . you are entitled to take into consideration those physical facts as are established by the evidence to have existed, insofar as they are pertinent to the accident. Such matters as the measurement of the highways . . . the surface thereof . . . the comparative sizes of the vehicles, the physical damage done to the vehicles . . . the distances which the vehicles traveled or were knocked as a result of the accident . . . also, all of such other physical facts as are established to your satisfaction, are matters which you may take into consideration in arriving at what the facts were.' It therefore appears that the court instructed the jury specifically that in determining liability the jury might consider the physical damage to property. Such instruction is a further indication that the court withdrew from the jury a consideration of plaintiff's personal injuries in determining liability.

"The judgment is reversed. The appeal from the order denying the motion for a new trial is dismissed."

For the foregoing reasons I would reverse the judgment.